**UNITED STATES of America, Appellee,**

v.

**Mario Ray SOTO, Defendant,**

**Israel Louis Vasquez, Defendant–Appellant.**

**No. 1006, Docket 91–1653.**

United States Court of Appeals, Second Circuit.

Argued March 2, 1992.

Decided March 24, 1992.

Lawrence Alan Barocas, New York City (Barocas & Schmidt, of counsel), for defendant-appellant.

David Meister, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty. and Linda C. Severin, Asst. U.S. Atty., S.D.N.Y., of counsel), for appellee.

Before CARDAMONE and ALTIMARI, Circuit Judges, and CONNER, District Judge.*

ALTIMARI, Circuit Judge:

Defendant-appellant Israel Vasquez appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Peter K. Leisure, *Judge*). The underlying indictment charged Vasquez in Count One, with conspiracy to violate the narcotics laws of the United States, in violation of 21 U.S.C. § 846 (1988) and, in Count Two, with possession with the intent to distribute more than fifty grams of cocaine base, commonly referred to as "crack," within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 860 (1988). Prior to trial, the District Court granted a severance to Vasquez's codefendant, Mario Soto. Soto thereafter pled guilty. Following a four-day jury trial, Vasquez was convicted on Count Two, but was acquitted on Count One. Vasquez was sentenced to 292 months' imprisonment to be followed by a ten-year term of supervised release.

On appeal, Vasquez contends that the admission into evidence of a post-arrest statement made by his codefendant to police violated Fed.R.Evid. 804(b)(3) and, consequently, his Sixth Amendment Confrontation Clause rights. Vasquez also claims that the evidence presented at trial was insufficient to support a conviction for possession of cocaine with intent to distribute. Vasquez further argues that the district court improperly applied the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") in calculating his sentence. Specifically, Vasquez argues that the court incorrectly enhanced his base level pursuant to U.S.S.G. § 2.D1.1(b)(1), which provides for a two-level enhancement if a dangerous weapon was possessed during the commission of an offense, because he lacked personal knowledge of his codefendant's possession of a weapon. In addition, Vasquez argues that the district court erred in failing to find him to be a "minor participant" pursuant to U.S.S.G. § 3B1.2(b) and to adjust his offense level accordingly.

For the reasons set forth below, we affirm.

## BACKGROUND

The government's evidence at trial showed that on February 8, 1991, members of the Uptown Task Force, a joint New York City and federal drug investigative group, conducted a warrant-authorized search of apartment 3C at 311 East 104th Street in Manhattan. The apartment was within 1,000 feet of the Park East School. Upon entering the apartment, the Task Force agents discovered Vasquez and his codefendant, Mario Ray Soto, attempting to escape through a window. A third indi-

---

* The Honorable William C. Conner, *Senior District Judge,* United States District Court for the Southern District of New York, sitting by designation.

vidual—a juvenile later identified as "Frankie"—was trying to hide under a mattress.

During the ensuing search, the agents found three separate crack-packaging stations in the apartment. Each station consisted of a plate containing loose crack, one or more razor blades, small empty vials with caps, and additional vials which had been filled with crack and capped. One station was located on a table in the living room. The other two stations were on a counter separating the living room and kitchen along with several plastic bags containing loose crack. In the kitchen, agents discovered 206 filled vials of crack, another plastic bag of loose crack, narcotics distribution paraphernalia, and three balance scales. In addition, eighty-seven rounds of various caliber ammunition were found on the kitchen counter.

The agents also found two safes inside a closet. After removing the safes from the closet the agents apparently opened them with a sledgehammer, although defendant Soto stated after his arrest that one of the safes had been open prior to the entry of the agents. One safe contained over 350 grams of powdered cocaine, as well as 176 vials filled with cocaine hydrochloride. Also located in this safe were two loaded .380 caliber semi-automatic firearms, one loaded .25 caliber semi-automatic firearm, and one loaded .38 caliber revolver. The second safe contained approximately 80 grams of cocaine hydrochloride, two .45 caliber semi-automatic firearms, loaded clips of ammunition, one .9 millimeter semi-automatic firearm, and $5,936 in U.S. currency. No money was found on Vasquez's person.

The Government filed a two count indictment against the defendants. Count One charged the defendants with conspiracy to violate the narcotics laws of the United States, in violation of 21 U.S.C. § 846; Count Two charged them with possession with the intent to distribute more than 50 grams of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 860. Before trial, the district court granted a severance to defendant Soto, who thereafter pleaded guilty. Following a four-day jury trial before Judge Peter K. Leisure, defendant-appellant Vasquez was convicted on Count Two, the possession count, and was sentenced to a 292 month term of imprisonment, followed by ten years of supervised release. This appeal followed.

## DISCUSSION

### I. Admission of Codefendant's Hearsay Statement

■ In a post-arrest statement to police, Soto, Vasquez's codefendant, indicated that the door of one of the safes was open prior to the arrival of the Task Force agents. At trial, the district court allowed this hearsay statement to be admitted into evidence pursuant to Fed.R.Evid. 804(b)(3) as a statement against Soto's penal interest. The Government sought to introduce the statement only after Vasquez's attorney suggested during his cross-examination of two agents that the safes were closed and must have been locked when the agents entered the apartment. Vasquez contends that this statement failed to satisfy the requirements of Fed.R.Evid. 804(b)(3), and that its admission violated the rules of evidence and his Confrontation Clause rights therefore constituting reversible error. We need not address the merits of these claims, because even assuming that admission of Soto's statement was error, it was harmless beyond a reasonable doubt.

■ It is well-established that Vasquez's Sixth Amendment confrontation clause and hearsay claims are subject to harmless error analysis. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986); *United States v. Williams*, 927 F.2d 95, 99 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 307, 116 L.Ed.2d 250 (1991); *United States v. Nerlinger*, 862 F.2d 967, 975 (2d Cir.1988). An error committed at trial will be considered harmless if it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

Here, Soto's statement that one of the safe doors was open was unrelated to, and not inconsistent with, Vasquez's defense. Vasquez testified that he was in the apartment merely as a purchaser of crack, and not as a participant in a drug distribution scheme. The jury could easily have accepted that one of the safes was open and still believed Vasquez's explanation for his presence in the apartment. Indeed, the government did not mention Soto's statement at all during summation, but focused on the substantial evidence of Vasquez's involvement in drug distribution. Upon executing the search warrant, the agents found three crack packaging stations in an apartment fortified with weapons, large quantities of narcotics, and narcotics paraphernalia. Vasquez was one of three individuals found in the apartment at that time. Moreover, the fact that Vasquez had no money contradicted his explanation that he was in the apartment to purchase drugs. The jury plainly had ample grounds upon which to convict Vasquez. Under these circumstances, any error in admitting Soto's statement was harmless beyond a reasonable doubt.

## II. *Vasquez's Challenge to the Sufficiency of the Evidence*

█ Vasquez next contends that there was insufficient evidence to support his conviction for possession of cocaine with the intent to distribute. Specifically, Vasquez asserts that the facts established only his presence in the apartment, his knowledge that there were drugs in the apartment, and his flight from the apartment, which fail to support his conviction for possession of cocaine with the intent to distribute. Vasquez's claim is unpersuasive.

█ In challenging a conviction on the ground of insufficient evidence, a defendant bears a heavy burden. *See, e.g., United States v. Medina*, 944 F.2d 60, 66 (2d Cir.1991); *United States v. Alkins*, 925 F.2d 541, 555 (2d Cir.1991); *United States v. Gonzalez*, 922 F.2d 1044, 1053 (2d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 660, 116 L.Ed.2d 751 (1991). "A conviction must be upheld if, after viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in its favor, '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Medina*, 944 F.2d at 66 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original)).

In the present case the government's evidence established not mere presence, but presence under a particular set of circumstances that provided a reasonable jury with ample grounds to conclude that Vasquez was present not as a mere purchaser, but to package crack for distribution. *See United States v. Benitez*, 920 F.2d 1080, 1089 (2d Cir.1990) (rejecting an insufficiency claim where the defendant jumped out of the window of an apartment where narcotics, weapons, and other evidence of an ongoing narcotics operation were found). The government's evidence established that three separate crack packaging stations had been in operation in the apartment immediately prior to the entry of the agents. Since Vasquez and his two coworkers were the only persons present in the apartment, the jury was entitled to conclude that each of them had been working at one of the crack stations. The jury could also have reasonably determined that only trusted members of the operation would be permitted entry into the apartment, because allowing outsiders to have access to an apartment with large quantities of narcotics in plain view could compromise the security of the operation. Additionally, the fact that no money was found on Vasquez's person is wholly inconsistent with his defense that he was a mere purchaser. Under these circumstances Vasquez's challenge to the sufficiency of the evidence must be rejected.

## III. *Vasquez's Challenges To His Sentence*

Vasquez also raises two challenges to the district court's application of the Sentencing Guidelines in calculating his sentence. Vasquez first argues that the court

erred in enhancing his sentence two points pursuant to U.S.S.G. § 2D.1.1(b) for possession of a dangerous weapon because he lacked actual knowledge of the weapons' existence.

Sentencing Guideline § 2D1.1(b)(1) permits a two-level increase in the base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during commission of the offense. Application Note 3 to this section instructs that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1).

█ Here the district court found by a preponderance of the evidence that the presence of a veritable arsenal of weapons in safes in an apartment where vast quantities of contraband were found constituted "possession" under the Sentencing Guidelines regardless of whether the safes had been open or closed. This finding is not clearly erroneous. *See, e.g., United States v. Pellegrini,* 929 F.2d 55, 56 (2d Cir.1991) (an enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) is warranted when weapons are present in the same apartment where narcotics are stored); *United States v. Paulino,* 887 F.2d 358, 360 (1st Cir.1989) (finding possession under U.S.S.G. § 2D1.1(b)(1) where firearms were located in a closet of an apartment rented by the defendant in the same building as another apartment, also rented by the defendant, where drugs were uncovered); *United States v. Gillock,* 886 F.2d 220, 223 (9th Cir.1989) (affirming two level upward adjustment for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1) where firearm and drugs were seized from the same closet); *United States v. McGhee,* 882 F.2d 1095, 1099 (6th Cir.1989) (defendant possessed firearms pursuant to U.S.S.G. § 2D1.1(b)(1) even though the weapons were located in a safe as well as a secret compartment in the walls of an apartment where cocaine was seized).

█ Vasquez nevertheless contends that the court erred in applying the § 2D1.1(b)(1) enhancement because he lacked actual knowledge that firearms were located in the apartment from which he fled. Whether a defendant's sentence is subject to enhancement under U.S.S.G. § 2D1.1(b) when the defendant lacks personal knowledge of a weapon's existence presents an issue of first impression in this Circuit.

Section 1B1.3(a)(1) of the Sentencing Guidelines directs courts, in deciding whether to apply a specific offense characteristic, such as the § 2D1.1(b)(1) enhancement, to a particular defendant to consider the following relevant conduct:

[A]ll acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense.

Application Note 1 to this section explains in pertinent part that, "[i]n the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was *reasonably foreseeable* by the defendant." (emphasis added). Based on § 1B1.3(a)(1) and its commentary, every circuit that has addressed this issue to date has held that a firearm enhancement may be applied to a defendant's sentence based on possession of a weapon so long as the possession of the firearm was reasonably foreseeable to the defendant. *See United States v. McFarlane,* 933 F.2d 898, 899 (10th Cir.1991); *United States v. Bianco,* 922 F.2d 910, 912 (1st Cir.1991); *United States v. Barragan,* 915 F.2d 1174, 1177–79 (8th Cir.1990); *United States v. Garcia,* 909 F.2d 1346, 1349–50 (9th Cir.1990); *United States v. Aguilera–Zapata,* 901 F.2d 1209, 1212–15 (5th Cir.1990); *United States v. White,* 875

F.2d 427, 433 (4th Cir.1989). We also choose to adopt this standard.

Applying the applicable standard, we believe Vasquez reasonably could have foreseen that firearms would be possessed in connection with his crack-packaging activities in the apartment. As this Court has observed, "firearms are as much tools of the trade as are commonly recognized articles of narcotics paraphernalia." *United States v. Crespo*, 834 F.2d 267, 271 (2d Cir.1987), *cert. denied*, 485 U.S. 1007, 108 S.Ct. 1471, 99 L.Ed.2d 700 (1988). Given the large quantity of narcotics and narcotics paraphernalia in the apartment where Vasquez was arrested, and given the fact that three types of various caliber ammunition were strewn about the apartment in plain view, we do not believe that the district court's determination that possession was reasonably foreseeable was clearly erroneous. *See, e.g., United States v. Bianco*, 922 F.2d at 913–14; *United States v. Garcia*, 909 F.2d at 1350.

Vasquez finally contends that the district court erred in refusing to grant him a two-level downward adjustment pursuant to U.S.S.G. § 3B1.2(b), which provides for such an adjustment when a defendant is a "minor participant" in an offense. A defendant who claims minor participation must establish by a preponderance of the evidence that he or she is entitled to a reduction due to his or her reduced level of culpability. *See, e.g., United States v. Garcia*, 920 F.2d 153, 156 (2d Cir.1990). A district court's finding as to a defendant's role in a criminal activity is a factual determination that will not be overturned unless "clearly erroneous." *United States v. Garcia*, 936 F.2d 648, 656 (2d Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 595, 116 L.Ed.2d 619 (1991).

Vasquez argues that he was completely subordinate to everyone else at the time the agents entered the apartment, and was therefore a "minor participant." However, there was ample evidence presented at trial indicating that Vasquez was a co-equal member of the drug organization who was entrusted with large quantities of narcotics to be packaged for distribution. Under these circumstances, the district court's finding that Vasquez had not sustained his burden of showing that he was a minor participant is not clearly erroneous. *See United States v. Garcia*, 920 F.2d 153, 154 (2d Cir.1990).

## CONCLUSION

Based on the foregoing, the judgment of the district court is affirmed.