**UNITED STATES of America,**
**Appellee,**

v.

**Michael William BULL, aka M.W.**
**Cooper, aka Michael Cooper,**
**Defendant–Appellant.**

**Docket No. 00–1608.**

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Michael C. Kennedy, N.Y., NY, for appellant.

Marc L. Mukasey, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, Circuit Judges, SEYBERT, District Judge.*.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Michael William Bull appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before Sidney H. Stein, *Judge,* convicting him of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a), and 18 U.S.C. § 2, and sentencing him principally to 240 months' imprisonment, to be fol-

---

lowed by a five-year term of supervised release. On appeal, Bull contends that the evidence against him, consisting only of proof that he was present at one of the narcotics deliveries and that his brother was heavily involved in narcotics trafficking, was insufficient to support his convictions. For the reasons that follow, we affirm.

A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden. *See, e.g., United States v. Al Jibori,* 90 F.3d 22, 26 (2d Cir.1996). "In considering such a challenge, we review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker,* 191 F.3d 326, 333 (2d Cir.1999) (internal quotation marks omitted), *cert. denied,* 529 U.S. 1080, 120 S.Ct. 1702, 146 L.Ed.2d 506 (2000). This Court will affirm a conviction "so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted) (emphasis in original). Although a defendant's "mere presence at the scene of a crime, even when coupled with knowledge that at that moment a crime is being committed, is insufficient to prove ... membership in a conspiracy," *United States v. Johnson,* 513 F.2d 819, 823–24 (2d Cir.1975), his presence, together with evidence of other circumstances permitting an inference that he "knew about the enterprise and intended to participate in it or to make it succeed," will support a finding of his membership in the conspiracy, *id.* at 823 (internal quotation marks omitted). *See also United States v. Gordils,* 982 F.2d 64, 71–72 (2d Cir.1992), *cert. denied,* 507 U.S. 1054, 113 S.Ct. 1953, 123 L.Ed.2d 657 (1993); *United States v. Soto,* 959 F.2d 1181, 1185 (2d Cir.1992). "Pieces of evidence must be viewed not in isolation but in conjunction," *United States v. Miller,* 116 F.3d 641, 676 (2d Cir.1997), *cert. denied,* 524 U.S. 905, 118 S.Ct. 2063, 141 L.Ed.2d 140 (1998), and the jury's verdict "may be based on circumstantial evidence." *United States v. D'Amato,* 39 F.3d 1249, 1256 (2d Cir.1994). The same standards apply to the trial court's review of the evidence when the defendant has moved pursuant to Fed.R.Crim.P. 29 for a judgment of acquittal on the ground of insufficiency. *See, e.g., United States v. Guadagna,* 183 F.3d 122, 129 (2d Cir.1999).

In the present case, the district court, in ruling on Bull's Rule 29 motion for acquittal, reviewed the trial evidence against Bull in accordance with these principles and concluded that the circumstantial evidence showed more than his mere presence at a drug transaction and was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that "Bull joined the criminal venture, shared in it, and contributed to its success." Order dated February 4, 2000, at 4 (internal quotation marks omitted). We conclude that the evidence was sufficient for the reasons stated in that Order. We decline Bull's invitation to disregard both the established standard of review and the jury's verdict and to assess the evidence *de novo.*

We have considered all of Bull's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.