**UNITED STATES of America,**
**Appellee,**

v.

**Rodolfo SEGURA, et al., Defendants,**

**Jose Orlando PENA and Oswaldo**
**Rodriguez, a.k.a. Ozzie,**
**Defendants–Appellants.**

Docket Nos. 01–1193(L), 01–1196(CON).

United States Court of Appeals,
Second Circuit.

April 29, 2002.

Robert G. Golger, Quatrella & Rizio, LLC Fairfield, CT, for Appellant.

Brian E. Spears, Assistant United States Attorney for the District of Connecticut, Bridgeport, CT (John A. Danaher III, United States Attorney, and Janna Hansen, Law Student Intern, on the brief), for Appellant.

Present CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut, it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendants Oswaldo Rodriguez a.k.a. Ozzie and Jose Orlando Pena appeal from convictions and sentences imposed in the United States District Court for the District of Connecticut (Ellen Bree Burns, J.). Rodriguez pled guilty to one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Pena pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. The district court sentenced Rodriguez to 210 months imprisonment and Pena to 70 months imprisonment and 5 years supervised release.

Pena's counsel now seeks to be relieved pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have reviewed the record and find that the defendant's plea was properly entered and that there are no non-frivolous issues regarding the plea or sentence for appeal. Counsel's motion to withdraw is hereby granted.

Rodriguez's plea agreement left open the quantity of cocaine possessed by Rodriguez and the applicability of an upward adjustment under U.S.S.G. § 2D1.1(b)(1). The United States Probation Office calculated Rodriguez's distribution as more than 1.5 kilograms of cocaine base and recommended a two-level sentence increase for possession of a firearm found in Rodriguez's residence, resulting in a

sentencing range of 210 to 262 months. Rodriguez challenged the cocaine base quantity, claiming that no drug partnership existed between Rodriguez and Carlos Davila, and challenged the increase for gun possession.

The district court found that Davila and Rodriguez were affiliated in the drug business and that the amount of crack cocaine attributable to Rodriguez (1.5 kg) was correct. The district court imposed the enhanced sentence for the gun possession and found that the Probation Office had correctly determined Rodriguez's overall offense level. The court sentenced him to 210 months in prison.

On appeal, Rodriguez contends that the district court erred when it imposed Rodriguez's sentence in that it failed to make required particularized findings as to whether the conduct of co-defendant Carlos Davila could be attributed to Rodriguez as both foreseeable and within the scope of an agreement to engage in criminal activity. *United States v. Martinez–Rios,* 143 F.3d 662, 677 (2d Cir.1998). However, " 'when a defendant asserts that he is not responsible for the entire range of misconduct attributable to the conspiracy of which he was a member, the Guidelines place on him the burden of establishing the lack of knowledge and lack of foreseeability.' " *Id.* at 677. We review for clear error. *United States v. Moreno,* 181 F.3d 206, 213 (2d Cir.1999).

In this case, the district court conducted a two-day evidentiary hearing. Based on the evidence, the district court concluded that there was in fact a drug partnership between Rodriguez and Davila and that 1.5 kg or more of cocaine base was properly attributable to Rodriguez based on the drug transactions he participated in during the course of the partnership. Thus, the district court did make particularized findings as to the scope of the criminal activity

as well as the foreseeability of the activity in question. Rodriguez failed to meet his burden of proving lack of knowledge and lack of foreseeability. *Martinez–Rios,* 143 F.3d at 677. We therefore find that the district court's findings on the drug quantities attributable to Rodriguez were not clear error.

Rodriguez further contends that the district court erred in its determination of possession of a firearm pursuant to U.S.S.G. § 2D1.1. We review this finding for clear error. *United States v. Soto,* 959 F.2d 1181, 1186 (2d Cir.1992). Sentencing Guideline § 2D1.1(b)(1) permits a two-level increase in the base offense level if "a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Whether this section is applicable depends on whether the conduct at issue is relevant to the offense conviction. "[R]elevant conduct consists of all 'acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction.' " *United States v. Pellegrini,* 929 F.2d 55, 56 (2d Cir.1991). If the weapon was present, this adjustment should be applied unless the district court finds it is "clearly improbable" that the weapon was connected to the offense. *Soto,* 959 F.2d at 1186. The issue in this case is whether Rodriguez's gun possession is relevant to the conspiracy conviction—that is, whether it is part of the same course of conduct.

On the overall facts of the case, the district court's conclusion that the gun was possessed in relation to the drug offense was reasonable. Rodriguez was found to have in his home a loaded nine millimeter Glock together with a box of ammunition, a bullet-proof vest and holster, as well as a stash of $3,650 in cash. Given the nature of the weapon and the fact that Rodriguez had no apparent source of income other than his drug activity, these facts support the reasonable conclusion that the stash of

cash was proceeds of the drug activity and that the gun was possessed in furtherance of that activity.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.