**UNITED STATES of America,**
**Appellee,**

v.

**Keith DARLING, Defendant,**

**Michael Prince, also known as "Black," also known as "1–00–m–1306–02," Defendant–Appellant.**

**Docket No. 03–1004.**

United States Court of Appeals, Second Circuit.

April 6, 2004.

B. Alan Seidler, New York, N.Y., for Defendant–Appellant.

Judith Philips, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, for Appellee.

Present: MESKILL, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Michael Prince appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*), convicting him, after a jury trial, of conspiracy to murder Michael Dukes while engaging in a conspiracy to commit a drug offense, in violation of 21 U.S.C. §§ 846, 848(e)(1)(A), and the murder of Michael Dukes while engaging in a conspiracy to commit a drug offense, in violation of 21 U.S.C. § 848(e)(1)(A). The district court sentenced Prince to a term of life imprisonment, to be followed by five years of supervised release, and a $200 special assessment.

■ Prince first argues that the government's evidence at trial was not sufficient to establish his guilt beyond a reasonable doubt. A defendant challenging the sufficiency of the evidence supporting a conviction bears a heavy burden. *See, e.g., United States v. Soto*, 959 F.2d 1181, 1185 (2d Cir.1992). "A conviction must be upheld if, after viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in its favor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Medina*, 944 F.2d 60, 66 (2d Cir.1991) (internal quotation marks and emphasis omitted). In the present case, Brian Humphreys, a coconspirator, testified that Prince hired him to kill Dukes in the fall of 1992 for $2000 in cash, supplied him with a murder weapon and get away vehicle, told him where to find Dukes, and nodded at him approvingly once the murder had been completed. Keith Darling, another coconspirator, testified that he and Prince together decided that Dukes should be killed, discussed how much Humphreys should be paid for the murder, and supplied Humphreys with the murder weapon and with instructions on how to find and kill Dukes. According to Prince, the aforementioned testimony was not legally sufficient to establish his guilt because it was not corroborated by other evidence and because Humphreys and Darling are "unworthy of belief." But we have held that "a conviction may be supported only by the uncorroborated testimony of ... accomplice[s]" as long as the "testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir.1990). "Whether or not there is corroboration for an accomplice's testimony, the weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal, and we must defer to the jury's assessments of both the weight of the evidence and the credibility of the witnesses." *Id.* (internal citations omitted). Accordingly, we conclude that the evidence presented at trial was legally sufficient.

■ Prince next argues that the district court abused its discretion by not granting

his motion for a downward departure on the grounds of extraordinary family circumstances and a "combination of circumstances" at sentencing. We have held that absent a few narrow exceptions, such as where the district court misapprehends its authority to depart, a district court's refusal to depart downward is unreviewable on appeal. *United States v. Perez*, 295 F.3d 249, 255 (2d Cir.2002). Prince does not contend that one of the exceptions to this general principle is here applicable, but rather asks us to revisit the standard itself and to instead review a district court's refusal to depart downward for abuse of discretion. Prince, however, has cited no authority in support of his position. In any event, "[a] decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir.1995). We, therefore, discern no basis for disturbing the sentence imposed by the district court.

Accordingly, for the foregoing reasons, we AFFIRM the judgment of the district court.