UNITED STATES of America,
Appellee,

v.

Domingo PEREZ, Defendant–
Appellant.

No. 04–1586.

United States Court of Appeals,
Second Circuit.

June 22, 2005.

Maurice H. Sercarz, Sercarz and Riopelle, LLP, New York, NY, for Appellant.

Jonathan S. Abernethy, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (David N. Kelley, United States Attorney, John M. McEnany, Assistant United States Attorney, on the brief), for Appellee.

Present: POOLER, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it

hereby is **AFFIRMED** in part; **RE-MANDED** in part.

We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

(1) The district court's finding that Perez's brother's possession of a gun in connection with the narcotics conspiracy was foreseeable to Perez was not clearly erroneous, *see United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005) (stating that the clear error standard of review applies to post-*Booker* factual determinations underlying Guidelines calculations post-Booker), because Perez admitted that he knew his brother possessed the gun; it is well known that guns are tools of the narcotics trade; there was evidence of narcotics sales in and near the apartment where Perez's brother kept the gun; and there was evidence that Perez knew drugs were kept in the apartment. *Cf. United States v. Smith*, 215 F.3d 237, 240 (2d Cir.2000) (holding that § 2D1.1(b)(1) enhancement is applicable in cases where weapon is present on premises where drugs are stored); *United States v. Soto*, 959 F.2d 1181, 1186–87 (2d Cir.1992) (holding that possession by co-conspirator of gun in connection with narcotics conspiracy was reasonably foreseeable to defendant despite his claim that he did not know about the gun because (1) guns are well known tools of the narcotics trade and (2) the apartment where defendant was arrested and the guns kept also contained narcotics, narcotics paraphernalia, and ammunition in plain view).

(2) The district court made a sufficient finding on the only issue it was asked to resolve, whether possession of the gun in connection with the conspiracy was reasonably foreseeable. *See United States v. Bradbury*, 189 F.3d 200, 204 (2d Cir.1999) (holding that where defendant objects to an element of an enhancement, the court must make a specific finding on that element).

(3) Because sentence was imposed at a time when the Sentencing Guidelines were treated as mandatory, we nevertheless remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Any appeal taken from the district court following this remand and resentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

We therefore remand in order to allow the district court to determine whether it will resentence.