**UNITED STATES, Appellee,**

v.

**Robert ATEHORTUA, William DeJesus Flores–Diaz, Defendants–Appellants.**

**Nos. 07–0341–cr(L), 07–0846–cr(Con).**

United States Court of Appeals, Second Circuit.

May 23, 2008.

Kristina Holm (Martin Klotz, of counsel), Wilkie Farr & Gallagher, New York, NY, for Defendant-appellant Robert Atehortua.

Sabrina P. Shroff, New York, NY, for Defendant-appellant Wiliam DeJesus Flores–Diaz.

Jessica A. Masella, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; Katherine Polk Failla, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for the United States.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, and J. CLIFFORD WALLACE,* Circuit Judges.

**SUMMARY ORDER**

Defendants-appellants Robert Atehortua and William DeJesus Flores–Diaz pleaded guilty to one count of conspiracy to possess and distribute over one kilogram of a controlled substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 812, 841, 846. Based upon their offense of conviction and past criminal histories, defendants faced a statutory maximum sentence of life imprisonment and a U.S. Sentencing Guidelines ("U.S.S.G.")-recommended range of 87 to 108 months.[1] The District Court sentenced both defendants principally to 87 months' imprisonment. Defendants now appeal their sentences only. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

---

\* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. After considering the factors set forth in 18 U.S.C. § 3553(f) (limitation on applicability of statutory minima in certain cases), the District Court determined that the 10–year mandatory minimum sentence associated with defendants' offense, *see* 21 U.S.C. § 841(b)(1)(A), did not apply to their case.

On appeal, defendants challenge the District Court's determination that they were not minor participants in the charged offense and, therefore, could not benefit from the downward adjustment set forth in section 3B1.2 of the Guidelines. Flores–Diaz claims that, in denying him a minor role adjustment, the District Court "relied upon ... erroneous facts that had no support [i]n the record": namely, that he facilitated the crime by "collect[ing] money and wir[ing] his own money to coconspirators." Flores–Diaz Br. 11. Both defendants also contend that the sentence imposed upon them was unreasonable in light of their allegedly limited knowledge of the amount of heroin involved in the conspiracy.

It is undisputed that both defendants, in proffer sessions with the Government, admitted that they agreed to provide $10,000 "of their own money" to pay the drug courier for the transaction giving rise to the charged offense; in addition, it is undisputed that both defendants told the Government that they had wired $1000 to the drug courier in advance of a drug transaction that took place two months before the charged offense. Flores–Diaz App. 104–05. We further note that, at Flores–Diaz's sentencing hearing, his counsel—far from challenging the facts proffered by the Government or found by the District Court during the earlier sentencing of Flores–Diaz's co-defendant—conceded that defendants had "fronted" the money for a drug transaction. *Id.* at 143. Accordingly, in light of the record before us, we conclude that Flores–Diaz's challenge to the factual findings of the District Court is without merit.

We also reject defendants' challenge to the District Court's denial of the section 3B1.2 mitigating role adjustment. As we have previously observed:

A defendant who claims minor participation must establish by a preponder-

ance of the evidence that he or she is entitled to a reduction due to his or her reduced level of culpability. A district court's finding as to a defendant's role in a criminal activity is a factual determination that will not be overturned unless clearly erroneous.

*United States v. Soto,* 959 F.2d 1181, 1187 (2d Cir.1992) (citation and internal quotation marks omitted); *accord United States v. Gomez,* 31 F.3d 28, 31 (1994). In light of the record evidence described above, it was not clearly erroneous for the District Court to conclude that defendants failed to establish that their conduct was "minor or minimal as compared to the average participant in ... a [similar] crime." *United States v. Carpenter,* 252 F.3d 230, 235 (2d Cir.2001) (internal quotation marks omitted); *see also United States v. Pitre,* 960 F.2d 1112, 1127 (2d Cir.1992) (upholding the district court's denial of a section 3B1.2 downward adjustment based on record evidence that defendant "acted as a look-out during the instant transaction and was present during at least one prior narcotics transaction").

Finally, we conclude that the sentences imposed on defendants by the District Court were not unreasonable. Flores–Diaz's claim that the District Court failed to engage in adequate "judicial investigation and consideration of [his] individualized characteristics" is belied by the sentencing judge's (1) acknowledgment that he had read and reviewed the presentence report, as well as the submissions offered by the Government and Flores–Diaz's counsel; (2) inquiry into whether the parties had any objections to the presentence report; and (3) explicit statement that he was adopting the undisputed "factual recitation in the presentence investigation report." *Cf. United States v. Fernandez,* 443 F.3d 19, 29 (2d Cir.2006) ("[W]e entertain a strong presumption that the sen-

tencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise.") Flores–Diaz App 143, 145.

Atehortua challenges the District Court's determination, pursuant to U.S.S.G. § 3B1.3(a)(1)(A), that his criminal activity involved transportation of over three kilograms of heroin—the amount found on the person of the drug courier. He contends that, because he did not "personally transport any drugs," Atehortua Br. 16, he should have been sentenced pursuant to U.S.S.G. § 3B1.3(a)(1)(B), which provides for a defendant's base offense level to be calculated with respect to the drug quantity he could have reasonably foreseen.[2] In *United States v. Chalarca*, 95 F.3d 239 (2d Cir.1996), we noted that, when a defendant is aware that the purpose of his trip to the scene was to purchase drugs, he has personally undertaken criminal activity; and, therefore, may be sentenced under subsection (1)(A). *Id.* at 243–45. Atehortua has not denied that he knowingly traveled to the scene of the crime in order to purchase drugs. Accordingly, we conclude that his challenge to the District Court's calculation of the drug quantity for which he was responsible fails in light of *Chalarca.*

Having considered all of defendants' arguments on appeal and found them to be without merit, we hereby AFFIRM the judgment of the District Court.

---

**2.** Atehortua fixes this quantity at 100 grams— "the estimated [amount] that could be pur- chased with $10,000." Atehortua Br. 18.