13-1098(L)
*United States of America v. Nelson Calderon, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          RICHARD C. WESLEY,
          DENNY CHIN,
                    *Circuit Judges.*

———————————————

UNITED STATES OF AMERICA,

        *Appellee,*

    -v.-              Nos. 13-1098, 13-0766, 13-2510,
                            13-2740, 13-2751

NELSON CALDERON, WILFREDO SANCHEZ, AKA KING FRITO, EVA CARDOZA, ANGELO DELEON, AKA KING TRUTH,

*Defendants-Appellants.*[*]

---

FOR APPELLANTS:     DONALD DUBOULAY, Law Office of Donald
                    Duboulay, New York, NY, *for Defendant-Appellant*
                    *Nelson Calderon*; RANDALL D. UNGER, Law Offices of
                    Randall D. Unger, Bayside, NY (Steven G. Brill, Sullivan
                    & Brill, LLP, New York, NY *on the brief*), *for Defendant-*
                    *Appellant Wilfredo Sanchez*; CHARLES S. HOCHBAUM,
                    Brooklyn, NY, *for Defendant-Appellant Eva Cardoza*; Mark
                    S. DeMarco, Bronx, NY, *for Defendant-Appellant Angelo*
                    *DeLeon*.

FOR APPELLEE:       BENJAMIN ALLEE, Assistant United States Attorney
                    (Brian A. Jacobs, Assistant United States Attorney, *on*
                    *the brief*), *for* Preet Bharara, United States Attorney for
                    the Southern District of New York, New York, NY.

Appeals from the United States District Court for the Southern District of New York (Cathy Seibel, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgments against defendants DeLeon,

Calderon, and Sanchez are **AFFIRMED**; in No. 13-2740, the judgment against

defendant Cardoza is **AFFIRMED**; in No. 13-2751, the judgment against

defendant Cardoza is **AFFIRMED** in part and **REVERSED** in part.

Defendants-Appellants Nelson Calderon, Wilfredo Sanchez, Eva Cardoza,

and Angelo DeLeon appeal from judgments of conviction entered on March 15,

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

2

2013, June 21, 2013, July 9, 2013, and January 23, 2013, respectively, in the United States District Court for the Southern District of New York (Seibel, J.) following a five-week jury trial that ended on July 17, 2012. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

DeLeon argues that, *inter alia*, the evidence at trial was insufficient to establish that he was guilty of conspiring to distribute marijuana because "[t]here was a 'variance' between the indictment, which alleged a single conspiracy, and the proof at trial, which, at best, tended to prove several independent conspiracies." DeLeon Br. at 16. We must affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted). Even if DeLeon were correct that the proof at trial demonstrated multiple conspiracies, it is well established in this Circuit that where the jury finds multiple conspiracies, "the jury should convict the defendant if it finds that one of the proven conspiracies was the one alleged in the indictment and that the defendant was a member of it." *United States v. Payne*, 591 F.3d 46, 62 (2d Cir. 2010). On the record in this case, a reasonable juror could have found that DeLeon possessed "some knowledge" of the unlawful aims and objectives of the

3

conspiracy alleged in the indictment, whose "essential nature" was to distribute drugs in Newburgh, and that DeLeon sold marijuana on the street from locations controlled by the Latin Kings (*see* Tr. 432–33, 1913–16, 2598, 2877), split sales with other Latin Kings members (*see* Tr. 436), hosted Latin Kings meetings (*see* Tr. 433, 2875–76), and held a leadership position in the Latin Kings (*see* Tr. 376–77). That evidence was sufficient to prove the conspiracy. *United States v. Salameh*, 152 F.3d 88, 147–48 (2d Cir. 1998) (per curiam).

Calderon challenges, *inter alia*, his conviction for attempted witness tampering on the ground that  there was no evidence that he specifically intended to influence future testimony, and challenges his conviction for participating in a racketeering conspiracy on the ground that it is inconsistent with his acquittal on the narcotics conspiracy charge. Although Calderon, while not denying that he assaulted the witness, argues that the assault was only retribution for the witness's prior testimony about the Latin Kings, it was entirely permissible for the jury to infer that the assault was intended also to deter the witness from testifying against Calderon in the future. We must "credit[] every inference that the jury might have drawn in favor of the government," *United States v. Temple*, 447 F.3d 130, 136–37 (2d Cir. 2006) (internal quotation marks

4

omitted), because "the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001). Viewed in the light most favorable to the Government, *see United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir. 1994), the evidence supported the jury's decision to convict Calderon on the attempted witness tampering charge. Calderon's challenge to his RICO conspiracy conviction also fails because "a criminal defendant convicted by a jury on one count [cannot] attack that conviction [merely] because it was inconsistent with the jury's verdict of acquittal on another count." *United States v. Powell*, 469 U.S. 57, 58 (1984); *see also id.* at 69.

Cardoza was convicted of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, accessory after the fact to murder, in violation of 18 U.S.C. § 3, and managing a drug premises, in violation of 21 U.S.C. § 856(a)(2). We reject Cardoza's challenges to the convictions on the drug conspiracy, RICO conspiracy, and stash house counts for the reasons that follow. Cardoza's conviction on the accessory count is reversed for the reasons stated in the opinion issued simultaneously with this summary order.

Cardoza argues that the trial evidence was insufficient to convict her of participating in a racketeering conspiracy because she was not an official member of the Latin Kings and never personally participated in the gang's drug transactions. Cardoza's non-membership in the gang does not foreclose her participation in the charged conspiracy, and the evidence introduced at trial to show that she participated in the conspiracy was substantial. Cardoza went on missions with gang members, collected money from drug sales, advised drug customers of gang member Steven Lewis's location, and sold drugs and made drug deliveries for the gang. Several times, narcotics customers gave cash for drugs directly to Cardoza.

Cardoza also argues that by finding her not guilty of a number of counts, the jury necessarily found that the evidence was insufficient on the RICO conspiracy count and the jury must therefore have acted irrationally. As discussed above, Cardoza's position is inimical to established law that a conviction on one count of an indictment may not be challenged because it is inconsistent with an acquittal on another count. *See Powell*, 469 U.S. at 65–67.

DeLeon contends that the district court should have granted a mistrial after a juror inquired of the courtroom deputy "how the personal information

provided during jury selection will be protected," arguing that this statement shows that the jury engaged in prohibited premature deliberations. DeLeon Br. at 10. DeLeon's argument is without merit. The juror's question was about personal information; it did not "come[] within a common sense definition of deliberation," *United States v. Peterson*, 385 F.3d 127, 135 (2d Cir. 2004). In any event, Judge Seibel properly addressed the issue by reminding the jury about the presumption of innocence and reiterating her previously given instructions not to discuss the case prior to deliberations. *See United States v. Thai*, 29 F.3d 785, 803 (2d Cir. 1994).

Calderon argues that "[t]he district court erred in imposing a 4-level role enhancement on the basis that Mr. Calderon was a 'leader' of the racketeering conspiracy." Calderon Br. at 44. However, the district court made proper fact-findings when it applied the leadership enhancement, and those findings are not clearly erroneous. *See United States v. Ivezaj*, 568 F.3d 88, 99 (2d Cir. 2009).

Calderon and Sanchez argue that the district court erred when it held them responsible for more than the drug quantity connected to them personally at trial. Calderon's argument that he was involved with only heroin, and not cocaine, is meritless. Although he apparently sold only heroin, there was

7

evidence that Calderon was knowledgeable about the cocaine-selling aspect of

the conspiracy and was a leader overall.  The district court applied the proper

enhancement because,  under well-established law, Calderon and Sanchez were

responsible not only for the cocaine that they themselves conspired to sell but

also for the cocaine their co-conspirators conspired to sell, because they knew of

their co-conspirators' illicit activities or the activities were reasonably foreseeable

by them.  *See United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006); *United States

v. Jackson*, 335 F.3d 170, 181 (2d Cir. 2003).  On this record, there can be no doubt

that Calderon and Sanchez knew their co-conspirators would sell crack cocaine,

the distribution of which was central to their gang's illicit activity.

Sanchez contends that the district court erred by considering, in

calculating the Guidelines range, illegal activity for which he was acquitted.  This

argument has no merit.  *See, e.g.*, *United States v. Vaughn*, 430 F.3d 518, 527 (2d

Cir. 2005); *cf. United States v. Watts*, 519 U.S. 148, 157 (1997) (rejecting a Fifth

Amendment challenge to the use of acquitted conduct in sentencing).

Sanchez also argues that the district court erred in imposing a two-level

enhancement for possession of a firearm.  *See* U.S.S.G. § 2D1.1(b)(1).  It is clear

from the record that Sanchez reasonably could have foreseen that firearms would

8

be possessed in connection with his drug-stashing and other drug-related activities. *See United States v. Soto*, 959 F.2d 1181, 1186–87 (2d Cir. 1992). His co-conspirators' possession of firearms was plainly foreseeable to Sanchez given that, *inter alia*, at the site of Scarlett's death Sanchez himself carried a firearm.

Calderon, Cardoza, and Sanchez challenge their sentences as substantively unreasonable. We reject these challenges because we find that the Guidelines-range sentences imposed on these co-conspirators were not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Cardoza argues that the indictment was constructively amended during jury selection, when the district court gave the prospective jurors an overview of the charges in reliance on an erroneously redacted indictment provided by the Government. Cardoza was, however, on notice of the "core of criminality" alleged in the superseding indictment—namely that, from 2007 through about February 2011, Cardoza conspired to distribute drugs in Newburgh, New York. *See United States v. Banki*, 685 F.3d 99, 118 (2d Cir. 2012) (internal quotation marks omitted). Moreover, the day after Cardoza raised this objection, the district court specifically and accurately clarified for the jury the charges against Cardoza.

Cardoza does not claim error in this clarification, or in the court's final instructions at the close of trial, or in the verdict form, which listed separate narcotics conspiracy counts and included special interrogatories. Because there is not "a substantial likelihood that [she] may have been convicted of an offense other than that charged," *United States v. D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012), Cardoza's constructive-amendment claim fails.

We have considered Appellants' remaining arguments and find them to be without merit. For the reasons stated above, the judgments of the district court against DeLeon, Calderon, and Sanchez are **AFFIRMED**; in 13-2740, the judgment against defendant Cardoza is **AFFIRMED**. In 13-2751, the judgment against defendant Cardoza is **AFFIRMED** with respect to her convictions for drug conspiracy, racketeering conspiracy, and managing a drug premises, for the reasons stated above; that judgment is **REVERSED** to the extent that Cardoza was convicted for being an accessory after the fact to murder, for the reasons stated in the opinion filed simultaneously herewith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10