*United States v. Spivey (Kerns)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-three.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.

IBN SPIVEY, AKA IBN A. SPIVEY, JAMES KERNS, AKA JAMES J. KERNS

> *Defendants-Appellants*.

22-564 (L),
22-993 (Con)*

_____

---

\* The consolidated appeal, No. 22-993, was determined by stipulation filed on November 10, 2022.

FOR DEFENDANT-APPELLANT:   BRIAN E. SPEARS (Leslie A. Cahill, *on the brief*), Spears Manning & Martini LLC, Southport, CT.

FOR APPELLEE:   RAJIT S. DOSANJH, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York.

Appeal from the March 15, 2022, judgment of the United States District Court for the Northern District of New York (Glen T. Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 15, 2022, is **AFFIRMED**.

Defendant-Appellant James Kerns ("Kerns") appeals from the district court's March 15, 2022, judgment, rendered following a jury trial, convicting him of one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846, and one count of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). The district court sentenced Kerns principally to two concurrent 115-month terms of imprisonment. On appeal, Kerns argues that the evidence was insufficient to support the jury's verdict, the district court erred in refusing to reduce his offense level based on his allegedly minor role in the charged conspiracy, *see* U.S.S.G. § 3B1.2, and the district court improperly applied a two-level enhancement for obstruction of justice, *see* U.S.S.G. 3C1.1. We disagree. We assume the parties' familiarity with the underlying facts, the procedural

2

history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

### I.   Sufficiency of the Evidence

We begin with Kerns's challenge to the sufficiency of the government's evidence. Because Kerns did not renew his motion for a judgment of acquittal at the close of all evidence, we review his sufficiency claims for plain error. *See United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001).  To satisfy the plain error standard, Kerns must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (quoting *United States v. Bastian*, 770 F.3d 212, 219–20 (2d Cir. 2014)).

"A defendant seeking to overturn a jury verdict on sufficiency grounds bears a 'heavy burden' . . . ." *United States v. Anderson*, 747 F.3d 51, 59 (2d Cir. 2014) (quoting *United States v. Aguilar*, 585 F.3d 562, 656 (2d Cir. 2009)).  To prevail, the defendant must prove that "no rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt." *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010) (quoting *United States v. Schwarz*, 283 F.3d 76, 105 (2d Cir. 2002)).  "[I]n determining whether he has made that showing, we must view the evidence in the light most favorable

3

to the government, drawing all permissible inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.*

The government's evidence was more than sufficient to prove beyond a reasonable doubt that Kerns knowingly joined and participated in the charged drug trafficking conspiracy. As relevant here, the charges against Kerns stemmed from his involvement in a New Jersey-based drug trafficking operation, which transported cocaine from New Jersey to upstate New York and distributed both cocaine and crack cocaine from a rural home in Westport, New York. At trial, the owner of the home, Marcie Larock ("Larock"), testified that Kerns arrived at her house on November 2, 2020, with several senior members of the drug trafficking organization. She testified that shortly after his arrival, Kerns received a "rundown of the security system" and began working as "security" for the members of the organization who were selling drugs from the home.[1] App'x at 164–65, 193–94. A New York State Police Investigator testified that when he and others executed a no-knock search warrant on the home the following day, he found Kerns in Larock's living room sitting in front of (1) a monitor displaying surveillance video from the exterior of the house, (2) a large "brick" of powder cocaine, and (3) a backpack

---

[1] Larock testified that new members of the drug trafficking group typically started out as "security" as they "learn[ed] the trade" from the more experienced "sellers." App'x at 149. She also testified that new members were always given "a rundown of the security system" when they first arrived. *Id.* at 164–65. The "rundown" involved of a tour of the house, including weapons hidden in the living room, and an explanation of the group's "security system," which consisted of surveillance cameras around the exterior of the house and a small monitor in the living room displaying the video feeds from the cameras. *Id.* at 166–67.

4

containing $2,000 in cash and several baggies of cocaine and crack cocaine. From this evidence, a reasonable jury could conclude that Kerns knowingly joined and participated in the drug trafficking conspiracy operating out of Larock's home. *See United States v. Garavito-Garcia*, 827 F.3d 242, 248 (2d Cir. 2016) ("[T]he government may prove the defendant's knowing participation in a conspiracy through circumstantial evidence, . . . [such as] a defendant's association with conspirators in furtherance of the conspiracy or his presence at critical stages of the conspiracy that cannot be explained by happenstance." (internal quotation marks omitted)). Accordingly, we affirm Kerns's conspiracy conviction.

The evidence was also sufficient to support Kerns's conviction for possession with intent to distribute cocaine and crack cocaine. "Possession with intent to distribute narcotics may be established by proof of the defendant's actual or constructive possession of the narcotics." *United States v. Snow*, 462 F.3d 55, 69 (2d Cir. 2006) (internal quotation marks omitted). A defendant's specific intent to distribute can be established by "circumstantial evidence alone[,]" *United States v. Heras*, 609 F.3d 101, 106 (2d Cir. 2010), such as "the quantity of cocaine at issue" or the presence of "paraphernalia usually possessed by drug dealers, such as . . . materials needed to process cocaine or to package it," *United States v. Boissoneault*, 926 F.2d 230, 234 (2d Cir. 1991). Although "mere presence at the location of contraband [is] not [enough to] establish possession," *United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988), "'presence under a particular set of circumstances

5

from which a reasonable jury could conclude that the defendant constructively possessed contraband' is sufficient," *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021) (quoting *United States v. Facen*, 812 F.3d 280, 287 (2d Cir. 2016)).

Here, the trial evidence was sufficient for a reasonable juror to conclude that Kerns constructively possessed, with the intent to distribute, the cocaine and crack cocaine found in Larock's living room. As noted above, Kerns was found by law enforcement sitting next to a "brick" of cocaine, which was comprised of 199.1 grams of powder cocaine, and drug dealing paraphernalia, including packaging materials and a scale. This evidence, considered in conjunction with Larock's testimony, was sufficient to establish that Kerns constructively possessed the cocaine in the living room, *see United States v. Soto*, 959 F.2d 1181, 1185 (2d Cir. 1992) (holding evidence sufficient to establish constructive possession where the defendant was present in an apartment containing three separate crack packaging stations and without money to support the argument that he was there as a "mere purchaser"), with the requisite intent to distribute it, *see Facen*, 812 F.3d at 289 n.9 (holding the defendant's constructive possession of 34.49 grams of cocaine and the presence of a digital scale is sufficient to establish intent to distribute).[2] We therefore affirm Kerns's conviction for possession with intent to distribute.

---

[2] Because we find the evidence sufficient to establish that Kerns constructively possessed the cocaine with the intent to distribute it, we do not address the sufficiency of the evidence under a *Pinkerton* theory of liability. *See Pinkerton v. United States*, 328 U.S. 640, 645 (1946) (holding one conspirator may be found guilty of foreseeable substantive offenses committed by his co-conspirators in furtherance of the conspiracy).

6

## II.  Sentencing Challenges

Kerns next argues that his sentence is procedurally unreasonable and must be vacated because the district court erred in (1) denying his request for a mitigating role adjustment pursuant to U.S.S.G § 3B1.2, and (2) applying a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  A district court "commits procedural error whe[n] it . . . makes a mistake in its Guidelines calculation" or "fails adequately to explain its chosen sentence."  *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citations omitted).  Where, as here, the "defendant failed to raise a claimed sentencing error below, . . . we review for plain error."  *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023).  We conclude that both of Kerns's claims fail under plain error.

The district court did not plainly err in rejecting Kerns's argument that he was "substantially less culpable than the average participant" in the drug trafficking conspiracy.  U.S.S.G. § 3B1.2 cmt. n.3(A).  Although Kerns did not sell drugs himself, the district court concluded that he played an important role in the overall drug operation by providing "security" to Larock and the sellers.  In denying Kerns's request, the district court noted that Kerns knowingly joined and participated in the conspiracy and was found by law enforcement "seated at the table with the drugs, the money, [and] the scales."  App'x at 562.  We conclude that the district court did not clearly or obviously err in determining that Kerns's role in the drug trafficking conspiracy was not "minor," and that he was not entitled to a two-level offense reduction under § 3B1.2.  *See United States*

7

*v. Solis*, 18 F.4th 395, 402 (2d Cir. 2021) ("Even assuming defendants played a lesser role than others who planned, organized, and financed the narcotics activity, the district court did not abuse its discretion in concluding that defendants were not minor participants and declining to grant them the reduction.").

It is also neither clear nor obvious that the district court failed to explain adequately its decision to deny the adjustment by not discussing the factors enumerated in the commentary to § 3B1.2.[3]  The commentary does not mandate the consideration of the listed factors.  Instead, it simply notes that district courts "should consider" the factors when evaluating "the totality of the circumstances" relevant to its decision.  U.S.S.G. § 3B1.2 cmt. n.3(C); *see also United States v. Maria*, 186 F.3d 65, 70–71 (2d Cir. 1999) (contrasting use of "should" in Guidelines with use of "shall" and "must").  The district court correctly noted that the applicability of the adjustment turned on Kerns's culpability relative to that of "the other participants" in the conspiracy.  App'x at 562. Citing Kerns's affirmative participation in the conspiracy and his work as "security," the district court concluded that "there is no justification for a mitigating or minor role adjustment based on the record before this Court."  *Id.* at 563.  It is neither clear nor

---

[3] Citing our recent decision in *United States v. Wynn*, 37 F.4th 63, 67 (2d Cir. 2022), Kerns argues that the district court committed procedural error in denying the adjustment because it failed to consider all of the factors enumerated in the commentary to § 3B1.2 and those factors weigh in his favor.  Although a district court would generally do well to consider the factors proposed by the Sentencing Commission, it is not required to do so as those factors are "advisory and not binding."  *United States v. Margiotti*, 85 F.3d 100, 105 (2d Cir. 1996) (per curiam).

obvious "that further elaboration was required." *United States v. Davis*, 82 F.4th 190, 198 (2d Cir. 2023); *see also id.* at 197 ("[T]he district court possessed substantial discretion when determining how much elaboration was needed to sufficiently explain the reasons for [its] sentence."). Moreover, absent evidence to the contrary, we assume the district court's understanding of the relevant factors and its consideration of them. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (in the context of § 3553(a) sentencing factors, concluding that "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually").

The district court also did not plainly err in applying the obstruction of justice enhancement. At sentencing, the district court concluded that Kerns committed perjury when he testified "that he had no idea where he was going, that he just went for a six-hour ride with some friends . . . to party and have fun[,]" and "had no idea that they were selling drugs" at Larock's home. App'x at 563. The district court then stated that "[t]here [was] no question in [the court's] mind that it was [Kerns's] intent . . . to obstruct justice [with] his perjured testimony . . . ." *Id.* at 564. The testimony at issue was material because it contradicted the government's theory that Kerns intentionally traveled to Larock's home to join the narcotics conspiracy. *See United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) (per curiam) ("Information is material when, if believed, [it] would tend to influence or affect the issue under determination." (internal quotation marks omitted)). Because the district court identified the "statements on which the perjury finding was

9

grounded," *United States v. Ben-Shimon*, 249 F.3d 98, 104 (2d Cir. 2001), and made an "explicit finding[] that [the] testimony . . . was intentionally false," *United States v. Norman*, 776 F.3d 67, 84 (2d Cir. 2015), we conclude that the district court did not err, plainly or otherwise, in applying the enhancement.

\*    \*    \*

We have considered Kerns's remaining arguments and consider them without merit.  For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court