13-3031-cr (L)
U.S. v. Facen

**UNITED STATES COURT OF APPEALS**
FOR THE SECOND CIRCUIT

————————————

August Term, 2015

(Argued: November 9, 2015     Decided: February 8, 2016)

Docket No. 13-3031-cr; 13-3159-cr; 13-3727-cr

————————————

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant,*

— v. —

TABARI FACEN,

*Defendant-Appellant-Cross-Appellee.*

————————————

B e f o r e:

JACOBS, LEVAL, and LYNCH, *Circuit Judges.*

————————————

Defendant Tabari Facen appeals from a judgment of conviction in the United States District Court for the Western District of New York (David G. Larimer, *Judge*) for possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and for possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).  The government cross-appeals from the

judgment insofar as the district court set aside the jury's guilty verdict and acquitted Facen, pursuant to Rule 29, Fed. R. Crim. P., of possessing an additional 34.49 grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) and of using or maintaining a place for the purpose of manufacturing, distributing, or using narcotics in violation of 21 U.S.C. § 856(a)(1). The conviction stemmed from a search pursuant to a warrant of a house where state police officers found narcotics, narcotics trafficking paraphernalia, ammunition, a firearm, and currency.

We conclude that the evidence was sufficient to support the jury's verdict convicting Facen of possessing with intent to distribute all of the cocaine base located in the bedroom where he was found, and the ammunition found in the same room. We consequently reject Facen's challenges to his conviction, and vacate the district court's judgment insofar as it set aside the jury's verdict as to a portion of that cocaine. We also conclude that the district court erred in requiring the government to prove that Facen both used and maintained the premises for a conviction under 21 U.S.C. § 856(a)(1). Because the evidence was sufficient to support the jury's finding that Facen used the premises for a drug-related purpose, we vacate the district court's judgment of acquittal on that charge as well.

The judgment of conviction is AFFIRMED. The judgment of acquittal is VACATED with respect to the cocaine base located in the room with Facen and the 21 U.S.C. § 856(a)(1) charge. We REMAND for resentencing consistent with this opinion.

––––––––––––––

MARK D. FUNK, Law Offices of Mark D. Funk, Rochester, New York *for Defendant-Appellant-Cross-Appellee* Tabari Facen.


MONICA J. RICHARDS, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

2

GERARD E. LYNCH, *Circuit Judge*:

Tabari Facen appeals from a judgment of conviction entered following a five-day jury trial in the United States District Court for the Western District of New York (David G. Larimer, *Judge*). The government cross-appeals from the district court's entry of judgments of acquittal, overturning the jury's guilty verdict on certain counts.

Facen was found guilty by a jury of possessing 28 grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); using and maintaining a place to manufacture, distribute, or use a controlled substance in violation of 21 U.S.C. § 856(a)(1); possessing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1); and possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). The district court overturned those convictions on Facen's motion for a judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., with the exception of the convictions for possessing with intent to distribute 0.126 grams of cocaine base and possessing ammunition as a felon, both of which related to items found in plain view in the room where he was arrested.[1]

_____

[1] As noted above, the jury found Facen guilty of possessing 28 grams of more of cocaine base, which triggered a mandatory minimum sentence under 21 U.S.C.

Facen appeals from those remaining convictions, arguing that the evidence was insufficient to support the jury's verdict on those counts. The government cross-appeals from the district court's judgment of acquittal with respect to an additional 34.49 grams of cocaine base, which was found in the room with Facen but not in plain view, and the use and maintenance charge. The government does not appeal from the judgment of acquittal with respect to additional amounts of cocaine base found in other parts of the house, the § 924(c)(1) charge, and the § 922(g)(1) charge as it relates to a firearm. For the reasons set forth below, we vacate the district court's judgment acquitting Facen of certain charges, affirm the remaining judgment of conviction, and remand for resentencing.

## BACKGROUND

Because the jury found Facen guilty of all charges relevant to this appeal, "we view the evidence in the light most favorable to the government." United States v. Mergen, 764 F.3d 199, 202 (2d Cir. 2014) (internal quotation marks omitted).

---

§ 841(b)(1)(B) . The judge found the evidence insufficient as to all of the cocaine base found in the apartment except for the 0.126 grams found in open view in the room where Facen was arrested. The court therefore entered judgment of conviction under §§ 841(a)(1) and 841(b)(1)(C), in effect a lesser-included offense without a mandatory minimum sentence. Similarly, the jury convicted on a count charging possession, as a felon, of both a firearm and ammunition. The judge found the evidence sufficient only as to the ammunition.

4

The charges against Facen stem from the execution of a search warrant by officers of the Rochester Police Department early in the afternoon of September 26, 2011, at 303 Lakeview Park, Rochester, New York ("303 Lakeview"), which led to the seizure of narcotics, drug trafficking paraphernalia, a firearm, and ammunition. Facen was the only person present in the house when the officers arrived. He was found in the largest bedroom on the second floor, unclothed on the bed. He was lying on top of a roll of currency, and additional currency was found behind the headboard. The currency found in and behind the bed totaled $1235.

The following items were located in plain view in the bedroom with Facen: a box of ammunition; a grinder; clear, unused Ziplock baggies; and a dime bag containing 0.126 grams of cocaine base. Additionally, officers found a pair of white shorts in a pile of clothes on the bedroom floor. In the pocket of the white shorts, officers found a bag containing 34.49 grams of cocaine, as well as other small bags containing materials often used as cutting agents for cocaine. The white shorts were not seized. The officers did, however, photograph the white shorts; the photograph shows the number "38" on the label. Apart from the testimony of the officers who found the white shorts and a post-arrest picture of

5

Facen sitting on the bed, handcuffed, wearing only underwear, no additional evidence regarding ownership of the white shorts was presented in the government's case-in-chief. In summation, the government argued that Facen could have taken off the white shorts and thrown them on the floor when he heard the officers enter the house. There is no evidence in the record regarding the clothing Facen put on after his arrest.

The officers also found, in a safe in the bedroom, Facen's birth certificate and two vehicle titles in Facen's name, one of which had been signed over to Yvette Wilson. Next to the bed, the officers found two plates, one of which bore a white residue, a scalpel, and Facen's fingerprints. The residue was not tested for controlled substances. Underneath a stack of items on which the plates were resting, the officers found a manila envelope containing mail addressed to Facen at an address other than 303 Lakeview. Inside a cabinet, the officers discovered a fork with white residue and a digital scale. The residue was not tested. The officers also found, in the closet in the same room, a handbag containing a firearm and a black duffle bag containing ammunition.[2]

---

[2] The government does not appeal the district court's determination that the evidence was insufficient to convict Facen of possessing the firearm (which was the basis for the charge under 18 U.S.C. § 924(c)) or ammunition found in the closet.

In the living room, the officers found a single piece of mail addressed to Facen at the 303 Lakeview address bearing a postmark dated April 25, 2011, about five months before the arrest. The officers also found additional cocaine base in the kitchen.[3]

The 303 Lakeview residence was rented by Wilson. The government presented no evidence regarding the reasons for Facen's presence on the premises. At trial, however, Facen's girlfriend, Marilyn Parker, testified on his behalf. She testified that Facen spent every night at her residence, but that on the evening of September 25, 2011, she and Facen had fought about his relationship with Wilson. She further testified that Facen left her house after the fight.

Wilson, who has Facen's name tattooed on her neck, also testified at trial. She testified that she had a longstanding romantic relationship with Facen, and that he spent two nights per week at her house. According to Wilson, on the evening of September 25, Facen called her to ask if he could come over. Wilson was working that night, but told her daughter, Hattie Gilbert, to let him into the

---

[3] The government does not appeal the district court's determination that the evidence was insufficient to convict Facen of possessing the drugs located in the kitchen.

house. According to Gilbert's testimony, Facen arrived sometime between midnight and 3 a.m. on the morning of September 26. Gilbert further testified that he was not carrying anything when he arrived.[4]

At trial, the defense primarily argued, based on the testimony of Wilson and Gilbert, that the drugs and weapons belonged to Wilson's former boyfriend, Kevin Ross. Gilbert and Wilson both testified that the white shorts containing the cocaine base found in the bedroom belonged to Ross. Additionally, Wilson identified several additional items as belonging to Ross, including: a size 4XL sweatshirt; a size 42 pair of jeans; a size 3XL sweatshirt; a size 58 pair of jeans; and a size 4XL shirt. In summation, the government argued that someone who wore such large clothing was unlikely to also own size 38 shorts.

At the end of the government's case, and again after the close of all proof, Facen moved for a judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P. The district court reserved decision on both motions until after the jury's verdict.

---

[4] Of course, as discussed more fully below, the jury was free to discredit all of this defense testimony, and since we must view the evidence in the light most favorable to the verdict, we must assume that it did so. We nevertheless set forth that testimony in the interest of completeness, and to explain the parties' contentions at trial.

During his charge to the jury, the judge instructed the jury that, in order to find Facen guilty of violating 21 U.S.C. § 856(a)(1), it must find that Facen used *and maintained* the 303 Lakeview premises for a drug crime. The verdict form similarly required the jury to find that Facen used *and maintained* the premises for a drug crime. While the government's proposed jury instructions, submitted before the trial, would have required use *or* maintenance, the government did not object at trial to the jury instructions or the verdict form. Additionally, the government stated in its summation that, in order to convict Facen of violating 21 U.S.C. § 856(a)(1), the jury must determine "that the defendant maintained or leased or maintained permanently or temporarily maintained" the 303 Lakeview residence, G.A. 34, and must consider "whether or not the defendant maintained 303 Lakeview Park for the purposes of manufacturing, distributing and using cocaine base." G.A. 38.

The jury convicted Facen of all charges in the indictment. After the trial, however, the district court granted Facen's Rule 29 motion in part, concluding that the evidence was insufficient to convict Facen of possessing any of the items that were not in plain view in the bedroom where Facen was arrested. That included the cocaine base located in the pocket of the white shorts, the cocaine

9

base in the kitchen, and the firearm and ammunition in the closet.[5] The district court also concluded that the evidence was insufficient to convict Facen of maintaining the 303 Lakeview residence because he lacked "supervisory control" over the premises. S.A. 7-8. The district court upheld Facen's conviction for possessing cocaine base with intent to distribute to the extent it was based on the small quantity of cocaine that was located in plain view. Similarly, the district court upheld Facen's conviction for being a felon in possession of ammunition based on the ammunition located in plain view.

The district court subsequently sentenced Facen principally to forty-one months' imprisonment on each remaining count, to run concurrently.[6] Both sides appealed.

---

[5] The third count of the indictment charged Facen with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Because the only firearm found in the search was located in the handbag in the closet, the district court's conclusion that the evidence was insufficient to find that Facen possessed that firearm required dismissal of the § 924(c)(1) charge. The government does not challenge that aspect of the district court's decision on appeal.

[6] The district court's conclusion that a conviction could not be based on the cocaine in the white shorts, but that the jury's verdict could be sustained with respect to the fraction of a gram found in plain view, left in place Facen's conviction for violating 21 U.S.C. § 841(a)(1). However, the rejection of the jury's finding with respect to the cocaine in the white shorts rendered inapplicable the enhanced penalties provided by § 841(b)(1)(B), which carries a mandatory five-year sentence, because the remaining cocaine base did not reach the threshold for application of those penalties. Accordingly, Facen was sentenced under § 841(b)(1)(c), which has no mandatory minimum.

**DISCUSSION**

Facen appeals his remaining convictions, arguing that, because the evidence showed him to be a mere visitor to 303 Lakeview, it was insufficient to permit the jury to find beyond a reasonable doubt that he possessed the bag of cocaine base and ammunition found in plain view. He further argues that even if the evidence of his possession was sufficient, the evidence was insufficient to prove that he intended to distribute the "personal use" quantity of cocaine base. The government cross-appeals, arguing that the evidence was sufficient to permit the jury to find that the white shorts that contained 34.49 grams of cocaine base were Facen's, and that the district court erred by requiring the jury to find that Facen used *and maintained* the 303 Lakeview residence when use alone is sufficient for a conviction under 21 U.S.C. § 856(a)(1).

**I.    Possession of Cocaine Base and Ammunition**

**A.    Legal Standards**

We review de novo the district court's judgment of acquittal notwithstanding the verdict. United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002). In reviewing an acquittal by the district court following a jury verdict of guilty, we ask "whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Si Lu Tian, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted). "[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is 'nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999), quoting United States v. White, 673 F.2d 299, 301 (10th Cir. 1982).

In applying these principles, we review all of the evidence presented at trial "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996). "We have emphasized that courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). Therefore, "Rule 29(c) does not provide the trial court with an opportunity to 'substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury.'" Guadagna, 183 F.3d at 129 quoting United

12

States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984) (alteration in original).

Accordingly, "[t]he government's case need not exclude every possible hypothesis of innocence," United States v. Martinez, 54 F.3d 1040, 1042-43 (2d Cir. 1995) (internal quotation marks omitted), and where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." Guadagna, 183 F.3d at 129, (internal quotation marks omitted) (alteration in original).

The parties dispute whether there was sufficient evidence for a rational jury to find that Facen possessed any of the items found at 303 Lakeview. As relevant to this appeal, the parties dispute whether there was sufficient evidence to find that Facen possessed the ammunition and dime bag located in plain view in the bedroom where Facen was found, or the cocaine base found in the pocket of the white shorts. "Constructive possession exists when a person has the power and intention to exercise dominion and control over an object, and may be shown by direct or circumstantial evidence." United States v. Payton, 159 F.3d 49, 56 (2d Cir. 1998); see also United States v. Pelusio, 725 F.2d 161, 167 (2d Cir. 1983) ("Constructive possession exists when a person . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object,

13

either directly or through others.") (internal quotation marks omitted) (alteration in original).

"[M]ere presence at the location of contraband does not establish possession." United States v. Rios, 856 F.2d 493, 496 (2d Cir. 1988). However, "presence under a particular set of circumstances" from which a reasonable jury could conclude that the defendant constructively possessed contraband located there can support a conviction. United States v. Soto, 959 F.2d 1181, 1185 (2d Cir. 1992). Courts have considered a number of factors in determining whether a person has the power and intention to exercise dominion and control over narcotics, including: the presence of documents pertaining to the defendant in the same location as the narcotics, see United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990); the defendant's possession of a key to the location where the drugs are found, see United States v. Snow, 462 F.3d 55, 70 (2d Cir. 2006); the defendant's reaction to the presence of police (e.g., the defendant fled the premises), see United States v. Benitez, 920 F.2d 1080, 1089 (2d Cir. 1990); whether the defendant has complete control over the narcotics, see United States v. Gordils, 982 F.2d 64, 71 (2d Cir. 1992); and whether the drugs are in plain view, suggesting that the defendant is a trusted member of the narcotics operation, Soto, 959 F.2d at 1185.

14

**B.** **The Ammunition and Cocaine Base in Plain View**

The evidence at trial, viewed in the light most favorable to the jury's verdict, showed that Facen was present "under a particular set of circumstances that provided a reasonable jury" sufficient basis to conclude that Facen constructively possessed the cocaine base and ammunition located in plain view. Id. The evidence included substantial indications that Facen had a significant connection to 303 Lakeview, such as the presence of Facen's personal documents, including his birth certificate and at least one motor vehicle title in a safe, mail addressed to Facen at a different address, and a letter addressed to Facen at the 303 Lakeview address which was postmarked five months prior. Moreover, Facen was found naked and alone in the house, suggesting that he was more than just a casual visitor.

There was additional evidence suggesting that Facen was involved with the narcotics trafficking carried out at the 303 Lakeview residence. Drugs, ammunition, and items used for drug trafficking were located in plain view in the bedroom where Facen was found. The plate with white residue had Facen's fingerprint on it. Facen was lying on top of currency when the officers arrived. In combination, this evidence was more than sufficient to permit a reasonable jury to

15

find that Facen constructively possessed the ammunition and dime bag of cocaine located in plain view.

Facen's arguments to the contrary rely on the contention that he was a temporary social visitor at 303 Lakeview, and thus lacked dominion and control over items located at the premises. That contention, however, rests entirely on the defense testimony, which the jury was not required to credit, United States v. LeRoy, 687 F.2d 610, 616 (2d Cir. 1982), and which in any event was contradictory, with Wilson and Parker giving conflicting accounts of how often Facen slept at 303 Lakeview.[7] The jury was not required to accept Facen's version of his connection with the location, and there was sufficient evidence to permit the jury to adopt the competing interpretation – that he had a substantial, long-term connection to the house as evidenced by the presence there of his mail and important personal documents. The facts that he apparently did not possess a key to the house, and was not listed on the lease, are not sufficient to render such a determination one a reasonable jury could not reach.

---

[7] Wilson, the tenant listed on the lease, testified that Facen spent two nights per week at her house, further undermining Facen's claims that he was an impromptu overnight guest.

## C. The Cocaine Base in the White Shorts

Whether there was sufficient evidence for a reasonable jury to find that Facen possessed the cocaine base found in the white shorts is a closer question. The government argues that there was sufficient evidence for the jury to find that Facen owned the white shorts, which would allow the jury to reasonably infer that the cocaine base was under his control. The district court held that there was no evidence establishing Facen's ownership of the white shorts.

The government's evidence tying Facen to the white shorts is not overwhelming. Taken together, however, and analyzed according to common sense inferences, the evidence permitted the jury, if only barely, to find beyond a reasonable doubt that Facen possessed the cocaine base in the white shorts. The white shorts – which, as discussed below, the jury could find were Facen's size – were found, like the other incriminating items found in plain view, in the same room where Facen, who was alone in the house, was lying naked in the bed nearby. As explained above, documentary evidence found during the search established Facen's substantial connection to the house. Although others, including at least one man, also lived in or frequented the house, the jury could rationally infer that it would be unlikely that illegal drugs and drug paraphernalia

17

would be so casually left in a room with someone who had no connection to them. (Indeed, the jury could reasonably infer that the white shorts had recently been worn; the pocket of a pair of shorts tossed on a pile of clothes does not seem a likely location for long-term storage of valuable contraband.) Facen's ties to the house, the fact that the white shorts were on the floor near the bed where he was lying naked, and the improbability that someone else would have left valuable drugs unsupervised in a pocket, all support the reasonableness of a jury finding that Facen owned the white shorts.

Moreover, the jury could reasonably infer that the number "38," visible on the label of the white shorts in the photograph put into evidence, identifies the size of the white shorts. Although no evidence of Facen's waist measurement was introduced, the jurors were in a position to assess, based on the photo of Facen at the time of his arrest and their own observations of Facen in court, whether the white shorts would fit him. Accordingly, while the evidence would certainly have permitted a juror to entertain reasonable doubt about Facen's ownership of the white shorts, we cannot say that no reasonable jury could find, beyond a reasonable doubt, that the white shorts, belonged to Facen and consequently that

18

the cocaine base in the pocket was under his control.[8]

Accordingly, we conclude that, although the case is close, the evidence was sufficient to permit a reasonable jury to find that Facen possessed the cocaine base found in the white shorts.[9]

---

[8] Furthermore, while we review the sufficiency of the evidence based on the evidence submitted in the government's case-in-chief, United States v. Autori, 212 F.3d 105, 108 (2d Cir. 2000), Facen's own explanation for the presence of the white shorts is implausible. Facen argues that the white shorts did not belong to him, as there was testimony that the shorts belonged to Ross and that he arrived at 303 Lakeview with nothing but the clothes on his back, and it could be inferred from the absence of contrary police testimony that he did not put on the white shorts after his arrest. But at least two of these propositions require us to believe the testimony of Wilson and Gilbert, witnesses whom the jury clearly found not credible. (Moreover, Wilson and Gilbert also identified other items of clothing as belonging to Ross, which were dramatically larger in size than the white shorts.) It is true that there was no testimony about what clothing Facen put on following his arrest, which strongly suggests that Facen did *not* put on the white shorts; presumably, the officers present at the scene would have remembered him doing so. At the same time, given Facen's close ties to the house, it would be reasonable for the jury to conclude that he would have clothing there. If, as the government argued, Facen had been wearing the white shorts when he arrived, the jury could have reasonably concluded that he would not have needed to put them back on after being arrested.

[9] Facen also argues on appeal that there was insufficient evidence to show that he possessed cocaine base with the intent to distribute it. That argument is entirely premised on the notion that the quantity of cocaine base found in plain view was consistent with personal use, rather than distribution. Since we hold that there was sufficient evidence for the jury to find that Facen possessed not only the small bag of cocaine base in plain view, but also the 34.49 grams in the pocket of the white shorts, the argument lacks merit, particularly in view of the narcotics trafficking paraphernalia found in the room with Facen.

**II.    Use and Maintenance of 303 Lakeview**

The district court ruled that the evidence was insufficient to prove beyond a reasonable doubt that Facen maintained the 303 Lakeview premises as a place for the commission of drug offenses.  The government argues on appeal that the district court erred in requiring the jury to find that Facen both used *and* maintained the 303 Lakeview premises in order to convict him under 21 U.S.C. § 856(a)(1), and that the evidence was sufficient for a reasonable jury to find that Facen used 303 Lakeview for the purpose of committing narcotics offenses.  The government is correct.

Section 856(a)(1) makes it a crime to knowingly "open, lease rent, use, *or* maintain any place . . . for the purpose of manufacturing, distributing, or using any controlled substance." (emphasis added).  Because the statute uses the disjunctive conjunction "or" between the listed alternative ways of violating the statute, § 856(a)(1) is violated simply by *using* a place for the commission of the specified drug crimes;  proof that the defendant "maintain[ed]" the premises, which is a separate way of violating the statute, is not necessary for a conviction.[10]

---

[10] Prior to 2003, the statute required the defendant to knowingly *open or maintain* the place.  See Illicit Drug Anti-Proliferation Act of 2003, Pub. L. 108-21,

The district court thus erred in requiring the government to prove that element beyond a reasonable doubt.

As the Supreme Court has recently held, the sufficiency of the evidence to support a conviction is measured against the actual elements of the offense, and not against an expanded list of elements contained in an erroneous jury instruction.  Musacchio v. United States, 577 U.S. ___, 2016 WL 280757, at *5 (Jan. 25, 2016).  For a conviction under § 856(a)(1), it is sufficient for the government to establish beyond a reasonable doubt that the defendant (1) used a place; (2) for the purpose of distributing or packaging controlled substances; and (3) did so knowingly.  21 U.S.C. § 856(a)(1).  The evidence was plainly sufficient for a rational jury to find, beyond a reasonable doubt, that Facen used 303 Lakeview for the purpose of manufacturing, distributing, or using any controlled substance.  As discussed previously, the evidence was sufficient for a rational jury to conclude that Facen possessed with the intent to distribute cocaine base at that location.  Based on Facen's ties to the drugs found at 303 Lakeview, and his connection to

§ 608, 117 Stat. 650, 691 (2003).  Under that wording, the absence of evidence that Facen either opened or maintained 303 Lakeview would have been fatal to the conviction.  But in 2011, when the conduct at issue in this case took place, the broader prohibition was in place.

21

the house itself, the evidence was sufficient for a jury to find that Facen used 303 Lakeview for the purpose of manufacturing, distributing, or using drugs. The district court's judgment of acquittal on that charge must therefore be vacated.

Facen does not argue that the evidence was insufficient to show that he *used* 303 Lakeview for a drug-related purpose. Rather, he argues that, because courts have continued to rely on pre-2003 case law in analyzing 21 U.S.C. § 856(a)(1), pre-2003 case law discussing "maintenance" remains binding precedent. That argument lacks merit. To the extent that more recent case law discusses maintenance, it does so only in the context of defining that statutory element or addressing conduct that occurred before the amendment, and does not address whether maintenance is a required element for conviction. See, e.g., United States v. Shetler, 665 F.3d 1150, 1161 (9th Cir. 2011); Snow, 462 F.3d at 70-71. In any event, the plain language of the statute makes clear that it is not.

## CONCLUSION

For the foregoing reasons we AFFIRM the district court's judgment to the extent that it sustained the jury's finding that Facen possessed ammunition and a small bag of cocaine with intent to distribute, VACATE the district court's judgment of acquittal with respect to the 34.49 grams of cocaine found in the

22

white shorts and Facen's conviction under 21 U.S.C. § 856(a)(1), and REMAND for resentencing consistent with this opinion, and for entry of a judgment in accordance with the jury's verdict convicting Facen of possessing 28 grams or more of cocaine base with intent to distribute, using a premises to distribute a controlled substance, and possessing ammunition as a felon.