United States v. Facen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    16-2616

TABARI FACEN,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X


    FOR APPELLANT:              ROBIN CHRISTINE SMITH, San
                               Rafael, California.

    FOR APPELLEE:              MONICA J. RICHARDS, for
                               James P. Kennedy, Jr.,
                               Acting United States

1

Attorney for the Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Tabari Facen appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.) sentencing him to ten years' imprisonment.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because any delay in giving Facen a copy of his Presentence Report ("PSR") was harmless error.

In 2013, Facen was convicted after a jury trial on various gun and drug counts.  The district court then partially overturned the jury verdict by granting a partial motion for acquittal, and it sentenced Facen to 41 months' imprisonment on the surviving counts of conviction.  On appeal, this Court vacated the district court's ruling of acquittal and remanded the case for resentencing.  United States v. Facen, 812 F.3d 280, 290 (2d Cir. 2016).  This Court's decision triggered a mandatory minimum, and Facen was resentenced to ten years' imprisonment on July 13, 2016.

2

Federal Rule of Criminal Procedure 32(e) requires that the probation officer "give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing." While Facen's attorney received the PSR several months before the July 13, 2016 resentencing, Facen himself only received a copy of the PSR 30 days before the sentencing date. Facen challenges his sentence on the basis of that five-day gap between the date he was supposed to receive the PSR and the date he actually received it.

We see no good reason why--when the defendant asked and the rule expressly required--the district court did not adjourn for five days. However, procedural sentencing mistakes such as this one are subject to harmless error review. United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009). Facen's counsel had the PSR several months before sentencing, Facen himself had the PSR 30 days before sentencing, and the 2016 PSR was virtually identical to the one from 2013. It is clear that the district court would have sentenced Facen to the same prison term even if he had received the PSR five days earlier, and the error is therefore harmless. Id.

For the foregoing reasons, and finding no merit in Facen's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK