*U.S. v. Pettway*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                               No. 20-63

COLLINS PETTWAY, AKA THIRSTY,

> *Defendant-Appellant,*

MICHAEL PETTWAY,

> *Defendant.*[*]

---

---

[*] The Clerk of Court is directed to amend the case caption to conform to the above.

FOR DEFENDANT-APPELLANT:        Elizabeth Latif, Law Offices of Elizabeth
                                A. Latif PLLC, West Hartford, CT.

FOR APPELLEE:                   Katherine A. Gregory, Assistant United
                                States Attorney, *for* James P. Kennedy, Jr.,
                                United States Attorney for the Western
                                District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 7, 2020, is **AFFIRMED**.

Collins Pettway appeals from a judgment of conviction entered following a jury trial at which he was found guilty of ten counts of narcotics-related charges. The District Court sentenced Pettway principally to an aggregate 72-month term of imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

1. <u>Motion for Judgment of Acquittal</u>

Pettway first challenges the District Court's denial of his Rule 29 motion for a judgment of acquittal on four counts of the Second Superseding Indictment: conspiring to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing cocaine and 28 grams or more of a mixture of substance containing cocaine base, *see* 21 U.S.C. § 846 ("Count One"); possessing with intent to distribute 28 grams or more of a mixture or substance containing cocaine base, and 500 grams or more of a mixture or substance containing cocaine, *see id.* §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 ("Count Seven" and "Count Eight," respectively); and maintaining drug-involved premises, *see* 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 ("Count Nine").

Rule 29 permits a trial court to set aside a jury's guilty verdict if it determines the evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a finding is warranted "only if the evidence that the defendant committed the crime alleged is

nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999).[1] We review *de novo* a district court's denial of such a motion. *United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015). On such review here, we conclude that the District Court correctly denied Rule 29 relief on each of the counts that Pettway challenges.

Trial evidence established that Pettway was engaged in drug dealing in the spring of 2015. A Buffalo Police Department Detective, Jeff Weyand, testified that he conducted several controlled, undercover purchases of crack cocaine and cocaine from Pettway over a period of less than one month. On February 19, 2015, Detective Weyand requested an "8 ball," or one eighth of an ounce, of crack cocaine from Pettway, and Pettway told Detective Weyand to wait while he got it. Surveillance officers followed Pettway as he drove to a residential building located at 460 Eggert Road, where he "jumped out of the car, . . . ran to the back door, opened the back door, was in there for [at most] 35 or 45 seconds," App'x at 379, before meeting Detective Weyand at a nearby gas station and selling him $200 worth of crack cocaine.

On March 7, 2015, officers observed Pettway driving away from 460 Eggert Road before he met Detective Weyand and sold him half an ounce of powder cocaine. Officers arrested Pettway shortly after that transaction. When Pettway was arrested, he possessed keys that opened the interior and exterior doors of the lower apartment at 460 Eggert Road. Pettway claimed that he had never been to the address before, even though trial testimony established that police and others had observed him there multiple times.

Officers executing a search warrant at 460 Eggert Road on the day of Pettway's arrest found drugs and drug-related paraphernalia throughout the apartment and above an air duct in the building's common basement. Included in the materials seized were a kilogram of cocaine, 146 grams of cocaine base, two loaded handguns, ammunition, approximately $6,000 dollars in cash, a strainer in the sink that held evident cocaine "rocks," bags with

---

[1] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

prepackaged "8 ball" quantities of crack cocaine, baking soda, and a scale. Pettway's DNA was found on the strainer bearing cocaine residue. The kilogram of cocaine that was recovered that day had an estimated street value of from $30,000 to $35,000.

Other evidence introduced at trial connected the Eggert Road apartment and the drug distribution operation to Pettway's brother and co-defendant, Michael Pettway. When the search warrant was executed, Michael Pettway's driver's license—which listed his address as 460 Eggert Road—was retrieved from a dresser in one of the apartment's bedrooms. Michael Pettway's DNA was found on the scale and on two of the bags containing drugs that were recovered during the search. Additionally, the lone occupant of the apartment when the search warrant was executed later testified at trial that Michael Pettway lived in the apartment and had been there earlier that morning.

Witness testimony also established that Michael Pettway rented multiple vehicles, registering Collins Pettway as an additional driver. Collins Pettway used these vehicles to distribute narcotics. The vehicles rented by Michael Pettway included the black Ford Edge SUV that Collins Pettway was driving on March 7, 2015, when he was arrested. When it was searched after the arrest, the Ford Edge was found to contain crack cocaine "crumbs."

A motion for judgment of acquittal "does not provide the trial court with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Guadagna*, 183 F.3d at 129. Viewing this evidence in the light most favorable to the prosecution, as we are bound to do on appeal after a verdict of conviction, we easily conclude that the evidence adduced was sufficient for the jury to find "the essential elements of the crime[s] established beyond a reasonable doubt." *Cacace*, 796 F.3d at 191.

A reasonable jury could infer that Collins Pettway conspired with his brother to possess with intent to distribute, and to distribute, 500 grams or more of a mixture or substance containing cocaine and 28 grams or more of a mixture or substance containing cocaine base (Count One). Michael Pettway's acquittal on the conspiracy charge does not change this result. As the District Court correctly explained, it has long been established that

4

"[i]nconsistency in a verdict is not a sufficient reason for setting it aside." *Harris v. Rivera*, 454 U.S. 339, 345 (1981). The same principle holds for "verdicts that treat codefendants in a joint trial inconsistently." *Id.*

Likewise, as to Counts Seven and Eight, a reasonable jury could infer that Pettway had at least constructive possession of the drugs recovered from 460 Eggert Road because he had been seen at or near the apartment during and immediately before conducting drug sales, he had keys to the apartment, his DNA was found on a strainer in the apartment that also contained cocaine residue, and he lied to law enforcement about whether he had been to the apartment. *See United States v. Facen*, 812 F.3d 280, 286–87 (2d Cir. 2016).[2] For substantially the same reasons, a reasonable jury could infer that Pettway knowingly used the 460 Eggert Road apartment for the purpose of narcotics distribution (Count Nine). *See id.* at 290.[3]

We therefore conclude that the District Court did not err when it denied Pettway's motion for Rule 29 relief.

### 2. Limiting Cross-Examination of Detective Mulhern

Pettway also argues that the District Court erred by limiting the scope of cross-examination of Detective Timothy Mulhern. He contends that the limitation violated his constitutional rights under the Sixth Amendment's Confrontation Clause.

We review the District Court's decision to limit the scope of cross-examination for abuse of discretion. *See United States v. Figueroa*, 548 F.3d 222, 226 (2d Cir. 2008). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—

---

[2] Pettway does not contest the sufficiency of the evidence showing intent to distribute.

[3] The District Court properly rejected Pettway's argument that the evidence was insufficient to support his convictions for "aiding and abetting" Michael Pettway in Counts Seven, Eight, and Nine on the ground that "there was sufficient evidence to permit the jury to find that Collins Pettway was criminally liable for the substantive offenses charged in counts 7-9 as a principal." *United States v. Pettway*, 403 F. Supp. 3d 173, 179 (2019); *see also United States v. Becerra*, 97 F.3d 669, 672 (2d Cir. 1996) (defendant's "conviction as an aider and abettor was not erroneous since the jury had ample evidence on which to convict her as a principal").

though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.*

A district court has "broad discretion in controlling the scope and extent of cross-examination and may impose reasonable limits on cross-examination to protect against, *e.g.*, harassment, prejudice, confusion, and waste." *United States v. Sampson*, 898 F.3d 287, 308 (2d Cir. 2018). Although "the Sixth Amendment's Confrontation Clause gives a defendant the right not only to cross-examination, but to effective cross-examination, it does not follow that the Confrontation Clause prevents a trial judge from imposing *any* limits on defense counsel's cross-examination of government witnesses." *Id.* (emphasis in original).

Here, the District Court acted within its discretion when it limited the scope of cross-examination of Detective Mulhern. Pettway sought to challenge Detective Mulhern's credibility by questioning him about misrepresentations related to Pettway's criminal history that Detective Mulhern allegedly made when applying for a search warrant.

The District Court thoroughly considered Pettway's argument at multiple sidebars, listened to the recording of Detective Mulhern's colloquy with the judge when applying for the search warrant, and—based on the parties' agreement—conducted an *in camera* review of a more current criminal history report provided by the government. After that review, the District Court discussed the matter again with the parties and determined that allowing cross-examination on this issue would result in a mini-trial on Pettway and his brother's prior criminal history. The District Court warned that "if we went off on this tangent . . . with this cross-examination, we'd be going down a road that would be very prejudicial, and might well result in a mistrial because of what would come out as a result of that." App'x at 1381.

We conclude that the limitation placed by the District Court on the scope of the defense's cross-examination was reasonable. Delving into Pettway's prior criminal history and creating a mini-trial on the number and nature of Pettway's prior arrests and convictions would have been of limited probative value while creating a significant risk of prejudice to Pettway. *See Sampson*, 898 F.3d at 308; *see also United States v. Beno,* 324 F.2d 582, 589 (2d Cir.

6

1963) ("[A] criminal defendant is entitled to have his guilt or innocence determined on the specific offense charged and not risk the possibility of conviction for a series of prior specific acts which collectively suggested that his career had been reprehensible."). Further, the District Court allowed considerable cross-examination of Detective Mulhern as to other aspects of the warrant application. Accordingly, the District Court acted well within its broad discretion when it limited Pettway's cross-examination of Detective Mulhern.

### 3. Consideration of Pettway's October 18, 2017, Conduct at Sentencing

Finally, Pettway submits that the District Court committed procedural error by concluding that Pettway possessed 4.5 grams of crack cocaine on October 18, 2017, and then considering that conduct in imposing Pettway's sentence. Pettway did not advance this argument at sentencing, and we therefore review his objection to the Court's finding for plain error. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011). To meet that standard, Pettway must show that "there was (1) error (2) that is plain and (3) that affects substantial rights." *Id.* at 86–87.

Sentencing courts may consider conduct on which a defendant has been acquitted, so long as that conduct has been proven by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Vaughn,* 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct."). Similarly, courts may consider uncharged conduct at sentencing, provided—once again—that such conduct is proven by a preponderance of the evidence and relevant to the broad objectives of sentencing. *See Sampson*, 898 F.3d at 313–14; *see also United States v. Pocinoc*, 833 F. App'x 847, 850 (2d Cir. 2020) (explaining that "a district court may consider uncharged [criminal] conduct . . . proven by a preponderance of the evidence when . . . that conduct does not increase either the statutory minimum or maximum available punishment").

Here, the District Court did not find by a preponderance that Pettway committed the crime charged in Count Twelve—possession *with intent to distribute* cocaine base on October 18, 2017. Rather, the District Court concluded that Pettway had a committed a different

7

crime, possession of crack cocaine, on that same date. *See* App'x at 2309 ("[T]hose drugs that were found in your shoe, I don't know if you intended to distribute them or not, but you certainly possessed them by a preponderance of the evidence after you had been arrested on that first charge."). And for this crime, there was ample evidence to support the District Court's conclusion. Trial testimony established that when Pettway was being arrested that day, the U.S. Marshals discovered in Pettway's shoe a bag containing a white substance that they suspected to be illegal drugs. A forensic chemist testified that laboratory testing confirmed the substance in the bag was 4.5 grams of cocaine base, and a forensic biologist testified that, based on her analysis, it was "at least 22.1 trillion times more probable" that the DNA sample found on the bag originated from Collins Pettway and two unknown individuals rather than three unknown individuals. App'x at 1198. Indeed, these facts were set forth in the Presentence Investigation Report and adopted by the District Court without objection by Pettway.

Accordingly, we identify no error, let alone plain error, in the District Court's conclusion by a preponderance of the evidence that Pettway possessed 4.5 grams of crack cocaine on October 18, 2017, and its consideration of that relevant fact when imposing sentence. Pettway does not otherwise challenge the sentence imposed by the District Court.

\* \* \*

We have considered Collins Pettway's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8