24-2795
*United States v. Jackson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-six.

Present:
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      24-2795

ROBERT JACKSON,

> *Defendant-Appellant.*

---

FOR APPELLEE:                          MELISSA M. MARANGOLA, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, of Counsel, *on the brief*), *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:      MATTHEW BRISSENDEN, Matthew W. Brissenden, P.C., Garden City, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 10, 2024 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Robert Jackson appeals from the judgment of the United States District Court for the Western District of New York (Geraci, *J.*) convicting him, following a jury trial, of possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841; possessing firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Jackson was indicted following a search of the apartment he shared with his girlfriend, Jasmine Pope, that turned up cocaine, a fentanyl-methamphetamine mixture, a fentanyl-methamphetamine-ANPP mixture, two firearms, ammunition, a razor, and drug-packaging materials. A jury convicted him of all charges. He argues that the evidence was insufficient to convict him, the district court erred by not instructing the jury on the lesser-included offense of simple possession, and his felon-in-possession conviction violates the Second Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Jackson first challenges the sufficiency of the evidence as to his possession of drugs and his intent to distribute them. "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Rigas*, 490 F.3d 208, 230 (2d Cir. 2007) (quotation marks omitted). "Although we review sufficiency challenges *de novo*, we must view the evidence in

the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence." *United States v. Vilar*, 729 F.3d 62, 91 (2d Cir. 2013) (cleaned up). Our "limited review" considers only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "While we must defer to a jury's reasonable inferences, we give no deference to impermissible speculation." *United States v. Pauling*, 924 F.3d 649, 656 (2d Cir. 2019).

Jackson argues that the government failed to present sufficient evidence that he possessed the drugs that officers found in the bedroom he shared with Pope. We conclude that the evidence was sufficient for the jury to find that Jackson constructively possessed the drugs either solely, or jointly with Pope. "Constructive possession exists when a person has the power and intention to exercise dominion and control over the contraband in question and may be shown by direct or circumstantial evidence." *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021) (quotation marks omitted). "Mere presence at the location of contraband does not establish possession. However, presence under a particular set of circumstances from which a reasonable jury could conclude that the defendant constructively possessed contraband located there can support a conviction." *United States v. Facen*, 812 F.3d 280, 287 (2d Cir. 2016) (cleaned up). These circumstances can include "the presence of documents pertaining to the defendant in the same location as the narcotics; the defendant's possession of a key to the location where the drugs are found; the defendant's reaction to the presence of police (*e.g.,* the defendant fled the premises); whether the defendant has complete control over the narcotics; and whether the drugs are in plain

3

view, suggesting that the defendant is a trusted member of the narcotics operation." *Id.* (internal citations omitted).

Drawing all reasonable inferences in favor of the government, the evidence showed that Jackson lived with Pope in the apartment where the drugs were found, that he reacted to learning that officers would search the apartment by warning Pope that officers were coming to the house, and that he expressed consciousness of guilt when he told an officer, "looks like you got me again." App'x at 84. This is evidence from which a jury could conclude that Jackson had constructive possession over the controlled substances, at least jointly with Pope. To be sure, there was also evidence from which a jury could conclude that Pope possessed the drugs. But "the government was not required to prove that the contraband was not subject to the control of others, because possession need not be exclusive." *Willis*, 14 F.4th at 182.

Jackson also argues that the government failed to offer sufficient evidence that he intended to distribute controlled substances. "Once possession of narcotics has been established, a defendant's possession of firearms, and of equipment to weigh, cut and package drugs is highly probative of a purpose to distribute." *Id.* at 181 (quotation marks omitted). In addition to recovering two firearms, the police found other evidence indicative of distribution, including drugs packaged into small baggies, a larger quantity of uncut cocaine, empty plastic baggies, and a razor blade with drug residue on it. There was thus sufficient evidence to support the jury's finding that Jackson possessed the requisite intent to distribute.

Jackson next argues that his conviction should be vacated because the district court failed to charge the jury on the lesser-included offense of simple possession under 21 U.S.C. § 844. If the district court had done so, he argues, the jury could have convicted him of simple possession but acquitted him of possession with intent to distribute. "[A] defendant is entitled to a lesser-

4

included offense instruction under federal law *only* if (1) the elements of the lesser offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater." *United States v. Snype*, 441 F.3d 119, 141 (2d Cir. 2006) (quoting *United States v. Diaz*, 176 F.3d 52, 101 (2d Cir. 1999)). The elements of simple possession under 21 U.S.C. § 844 are a subset of the elements of possession with intent to distribute under 21 U.S.C. § 841. The only remaining question, then, is "[w]hether the evidence justifies a lesser included offense charge[.]" *United States v. Abreu*, 342 F.3d 183, 189 (2d Cir. 2003). Because that "is a decision committed to the discretion of the trial judge," we review the district court's denial of Jackson's request for abuse of discretion. *Id.*

We conclude that the district court did not abuse its discretion when it determined that a reasonable jury could not find Jackson guilty of simple possession, while acquitting him of possession with intent to distribute. The quantity of drugs recovered from Jackson's bedroom—13 total grams of cocaine (including an uncut rock), 3 grams of a fentanyl-methamphetamine mixture, and 2.8 grams of a fentanyl, methamphetamine, and ANPP mixture—is not conclusive evidence that the drugs were not intended for personal use, but neither does it support an inference of personal use. Compare Jackson's 13 total grams of cocaine to, for example, the defendant in *United States v. Garcia-Duarte*, 718 F.2d 42, 47 (2d Cir. 1983), who was found with only .23 grams of cocaine—in light of the amount recovered, we determined that the district court abused its discretion by failing to submit the lesser-included offense charge of simple possession, because the jury could have rationally inferred that the defendant possessed that small quantity of cocaine solely for personal use. And the firearms, large quantity of cash, and drug packaging equipment in this case are consistent with an intent to distribute rather than personal use. Moreover, there

5

was no evidence at trial that Jackson was an active user of any of the drugs located, and the search of Jackson's residence did not uncover drug paraphernalia associated with personal use.

Nor could a reasonable jury convict Jackson of simple possession but acquit him of possession with intent to distribute on a theory that only Pope intended to distribute the controlled substances. Jackson's main defense at trial was that the controlled substances belonged to Pope, not to him. But if the jury believed that the drugs were Pope's alone, it could not have convicted Jackson of *either* possession with intent to distribute *or* the crime of simple possession—both offenses required the jury to find that Jackson possessed the drugs. *See* 21 U.S.C. § 841; *id.* § 844. When a defendant relies on an "exculpatory defense that would have led to an acquittal on both the greater and lesser charges if the jury had believed it . . . he is not entitled to a lesser charge instruction." *United States v. Zapata-Tamallo*, 833 F.2d 25, 28-29 (2d Cir. 1987). And once the jury rejected Jackson's defense and concluded that he possessed the drugs that the police found, "a reasonable juror would be extremely unlikely to believe that" Jackson did not intend to cause or assist the distribution of the drugs. *Abreu*, 342 F.3d at 189.

Finally, Jackson argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him. After Jackson filed his opening brief, this Court issued its decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), upholding the constitutionality of this statute and foreclosing Jackson's arguments. *See id.* at 93.

We have considered Jackson's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6