18-765-cv
Roberts v. Azize, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges*.
             ERIC N. VITALIANO,[1]
                      *District Judge*.

---

JARVIS ROBERTS,

                      *Plaintiff-Appellant*,

            v.                                                    18-765-cv

POLICE OFFICER GEORGE AZIZE, Shield No. 16004,
POLICE OFFICER THEODORE PETERS, Shield No. 13285,
JOHN DOE #1-4,

                      *Defendants-Appellees*.[2]

---

Appearing for Appellant:     Nicholas Mindicino, Stoll, Glickman and Bellina LLP, Brooklyn, N.Y.

---

[1] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellees:     Daniel Matza-Brown, Assistant Corporation Counsel (Richard Dearing, Deborah A. Brenner, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

     Appellant Jarvis Roberts appeals from the February 26, 2018, dismissal and the September 29, 2017, memorandum order and decision of the United States District Court for the Eastern District of New York (Cogan, *J.*), dismissing Roberts's Section 1983 action and granting Defendants-Appellees Officer George Azize, Officer Theodore Peters, and Officers John Doe #1 through 4 (collectively, "Defendants") summary judgment on Roberts's claims for false arrest and malicious prosecution. *See generally Roberts v. City of New York*, No. 16 Civ. 5409 (BMC), 2017 WL 4357291 (E.D.N.Y. Sept. 29, 2017). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     We review de novo a district court's grant of summary judgment. *E.g.*, *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009). To be entitled to summary judgment, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks omitted). "The burden is on the moving party to establish the absence of any material factual issues." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

     "Probable cause is a complete defense to a constitutional claim of false arrest . . . [a]nd continuing probable cause is a complete defense to a constitutional claim of malicious prosecution." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (citations omitted). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts"—and is evaluated under the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 232-33 (1983). "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007); *see also Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). This inquiry is an objective one: "an arresting officer's state of mind *(except for the facts that he knows)* is irrelevant to the existence of probable cause." *Id.* at 153 (emphasis added).

2

Moreover, in the context of a defendant officer's claim to qualified immunity, a plaintiff's false arrest and malicious prosecution claims "turn on whether the defendant officers' probable cause determination was objectively reasonable—that is, whether there was 'arguable' probable cause to arrest." *Betts*, 751 F.3d at 83. "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). "In other words, an officer lacks arguable probable cause and is not entitled to qualified immunity only where no officer of reasonable competence could have made the same choice in similar circumstances." *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016) (internal quotation marks omitted).

Here, while we are skeptical whether Defendants had actual probable cause to arrest Roberts, we are nevertheless persuaded that they are entitled to qualified immunity because a reasonable jury could only find that they had arguable probable cause under the totality of the circumstances. Defendants were informed of a tip regarding a gun in a bedroom inside a specific apartment in Brooklyn, New York. When Defendants arrived at the apartment, Roberts was present along with at least ten other people. After Defendants obtained consent to search the bedrooms in the apartment, Peters recovered a loaded handgun from a dresser in one of the apartment's four bedrooms. Although at the time Defendants arrived Roberts was in a different bedroom than the one from which Peters recovered the gun, he was one of four people in the bedroom area of the apartment—none of whom were in the bedroom containing the gun.

Together, the tip, Roberts's general proximity to the dresser containing the gun, and Defendants' observations during their subsequent discussions with the individuals present in the apartment made it reasonable for Defendants to believe they had probable cause to arrest Roberts for constructively possessing the handgun. *See United States v. Facen*, 812 F.3d 280, 286-87 (2d Cir. 2016) ("Constructive possession exists when a person has the power and intention to exercise dominion and control over an object, and may be shown by direct or circumstantial evidence." (internal quotation marks omitted)); *see also* N.Y. Penal Law § 10.00(8) ("'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property."). Defendants thus had arguable probable cause and are entitled to qualified immunity.

That Roberts told Defendants that the gun was not his and that he did not live in the apartment does not alter this conclusion. Nor does the fact that another person present, Furman Massey, confessed to owning the gun and stated that Roberts did not live in the bedroom from which Peters recovered it. That is because "[i]t is up to the factfinder," not the arresting officer, "to determine whether a defendant's story holds water." *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989). "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Id.* Defendants here could have reasonably concluded that Roberts's claim of innocence and Massey's confession of guilt were not credible and did not vitiate probable cause.

Roberts's malicious prosecution claim similarly fails. "[C]ontinuing probable cause is a complete defense to a constitutional claim of malicious prosecution." *Betts*, 751 F.3d at 82. "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent

by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996). Here, Roberts points us to no intervening facts that would have dissipated Defendants' arguable probable cause.

Roberts disputes that Defendants ever received a tip. He argues that the district court erred by crediting Defendants' deposition testimony about the tip and that he successfully demonstrated a triable issue of fact as to the tip's existence by pointing to the nonexistence of facts from which a jury could reasonably infer that there was no tip. The problem with Roberts's argument is that he did not establish an evidentiary record supporting the various inferences he argues are reasonable. For example, he argues that, because Defendants did not seek a search warrant or assemble a tactical team before proceeding to the apartment, a jury could infer that they did not actually receive a tip that Roberts was in possession of a gun. However, Roberts did not set forth any evidence establishing that police officers who receive tips about a person in possession of a firearm would be expected to, and typically would, seek a search warrant and assemble a tactical team. Though Roberts argues that these are matters of common sense and reasonable inference, they are in fact matters of police practices about which Roberts proffered no evidence. Moreover, there was evidence in the record that the officers had received information earlier that evening about a gun in a bedroom of the apartment.

Roberts next contends that the district court erred by relying on the tip in granting Defendants' summary judgment motion because the tip was inadmissible hearsay. The tip was not hearsay, however. A statement is only hearsay if "a party offers [it] to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Thus, out-of-court statements introduced to establish a declarant's state of mind, *United States v. Salameh*, 152 F.3d 88, 112 (2d Cir. 1998), or knowledge, *United States v. Dupree*, 706 F.3d 131, 136-38 (2d Cir. 2013), are not hearsay. Here, the tipster's statement was relevant to show what information was available to Defendants to support the conclusion that they had probable cause to arrest Roberts. Because the tip was not offered for its truth, it was not hearsay. *See* Fed. R. Evid. 801(c)(2).

Roberts further argues that, because Defendants could not provide any information establishing the tipster's trustworthiness, we should treat it as an uncorroborated anonymous tip, which is insufficient to support even reasonable suspicion. "Even a tip from a completely anonymous informant—though it will seldom demonstrate basis of knowledge and the veracity of an anonymous informant is largely unknowable—can form the basis of reasonable suspicion or probable cause if it is sufficiently corroborated." *United States v. Elmore*, 482 F.3d 172, 179 (2d Cir. 2007) (citation omitted). Whether an anonymous tip contains sufficient indicia of reliability to support probable cause is a fact-dependent inquiry that largely depends on whether the tipster conveys information that "demonstrate[s] inside information," evincing "a special familiarity with [the subject of the tip's] affairs." *Alabama v. White*, 496 U.S. 325, 332 (1990); *see also Florida v. J.L.*, 529 U.S. 266, 271-72 (2000). Here, to the extent that the tip forecasted that Defendants would recover a gun from a bedroom in the apartment, it was corroborated. Standing alone, this may not have been enough corroboration to support probable cause, but Defendants reasonably could have considered it in conjunction with the other facts available to them.

4

We have considered the remainder of Roberts's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk